/2

**United States District Court**

**Eastern District of Michigan**

| | |
|---|---|
| **Emanuel Palmer** | Case:2:14-cv-12247 |
| Plaintiff | Judge: Drain, Gershwin A. |
| | MJ: Grand, David R. |
| Vs. | Filed: 06-06-2014 At 02:20 PM |
| | CMP PALMER V. ECORSE POLICE DEPT. E |
| **Ecorse Police Department, Ryan Allen,** | T AL (DA) |
| **Christoval Trevino, Oakwood Hospital, John Doe 1**, and **John Doe 2** | |
| Dendants | |

# COMPLAINT

**PARTIES:**

Plaintiff

**Emanuel Palmer**, in pro per, current address 3888 19th St., Ecorse, MI, 48229.

Defendants

1) **Ryan Allen**, a police officer for the Ecorse Police Department , official address 3869 W. Jefferson Ave. , Ecorse , MI , 48229, is being sued in his individual, and/or official capacity.
2) **Christoval Trevino**, a police officer for the Ecorse Police Department, official address 3869 W. Jefferson Ave., Ecorse, MI, 48229, is being sued in his individual and or official capacity.
3) **Ecorse Police Department**, located in the municipality of Ecorse, MI.
4) **City of Ecorse,** a municipality located in the State of Michigan.
5) **Oakwood Hospital**, a corporation, official address 18101 Oakwood Blvd., Dearborn, MI, 48124.
6) **John Doe 1**, a paramedic for Oakwood Hospital, official address 18101 Oakwood Blvd., Dearborn, MI, 48124, is being sued in her individual, and/or official capacity.
7) **John Doe 2**, a paramedic for Oakwood Hospital, official address 18101 Oakwood Blvd., Dearborn, MI, 48124, is being sued in his individual and/or official capacity.

1

All of the above defendants acted and continue to act under color of law at all times relevant to this complaint.

**PRELIMINARY STATEMENT:**

This is a civil rights complaint filed by the Plaintiff, Emanuel Palmer, for damages relief under 42 U.S.C.A. sec. 1983 alleging "excessive force", and "deliberate indifference" in violation of the Eighth Amendment to the United States Constitution, also "false arrest", "false imprisonment", and "illegal seizure", in violation of the Fourth Amendment to the United States Constitution, also "spoliation of evidence", and "malicious prosecution", in violation of the due process clause of the Fourteenth, and Eighteenth Amendments to the United States Constitution. Also torts of "assault", "spoliation of evidence", "medical malpractice" and "negligence".

## JURISDICTION:

1) The court has jurisdiction over the Plaintiffs claims of violations of Federal Constitutional Rights under 42 U.S.C.A. sections 1983, 1331(a), and 1343.
2) The court has supplemental jurisdiction over the Plaintiffs state law tort claims under 28 U.S.C.A. sec. 1367.

## FACTS:

3) On 8/10/12 Quentez McKinney (the driver), and the Plaintiff were pulled over by **Defendant Ryan Allen** and Officer Kevin Barkman of the Ecorse Police Department. At that point the Plaintiff STARTED RECORDING WITH THE PLAINTIFFS MOBILE PHONE CAMERA to record the "terry stop". **Defendant Ryan Allen** proceeded to the driver side of the vehicle, and ask the driver Quentez McKinney for his driver's license, and Quentez McKinney stated he had no driver's license, so **Defendant Ryan Allen** told Quentez McKinney to step from the vehicle.
4) Once Quentez McKinney was taken to the police vehicle , the Plaintiff asked Officer Barkman who was standing by the passenger side window , if the Plaintiff could walk the 9 blocks to his home on 3888 19th St. , Ecorse , MI , 48229 , and Officer Barkman stated , "hold on". So after some time **Defendant Ryan Allen** proceeded to the passenger side of the vehicle where Officer Barkman was standing , and asked Officer Barkman , "did you get his(the Plaintiff) information", in which the Plaintiff stated , "am I being detained" , and **Defendant Ryan Allen** stated , "yeah" , then reached through the passenger window grabbing the door handle , opened the door , then forcefully grabbed the Plaintiff by the neck pulling the Plaintiff from the vehicle , then slammed the Plaintiff on the side of the vehicle , then seeing the Plaintiffs mobile phone camera was recording , grabbed the camera phone , and stated , "you fucking recording this" , and pressed the "stop record" button to stop the mobile camera phone from recording.
5) ALL OF THE ABOVE INCIDENT IN PARAGRAFH #4 OF THIS COMPLAINT INVOLVING DEFENDANT RYAN ALLEN WAS RECORDED ON THE PLAINTIFFS MOBILE PHONE. THE PLAINTIFF REQESTED THE MOBILE PHONE FOR THE VIDEO FOOTAGE ON SEVERAL OCCASSIONS AFTER THE PHONE WAS FORFITED BY DEFENDANT RYAN ALLEN BUT WAS TOLD BY THE ECORSE POLICE DEPARTMENT AND THE PROCECUTORS OFFICE THAT THE MOBILE PHONE COULD NOT BE FOUND.

3

6) After turning off the Plaintiffs mobile phone camera Defendant **Ryan Allen** grabbed the Plaintiff by the neck squeezing with extreme pressure causing the Plaintiff to not be able to breathe, then **Defendant Ryan Allen** walked the Plaintiff to the back of the vehicle, and told the Plaintiff to take the Plaintiffs shoes off. The Plaintiff informed **Defendant Ryan Allen** that the Plaintiff had been diagnosed with "gout", and that the Plaintiffs feet were in pain, and extremely sensitive, at which point **Defendant Ryan Allen** stated, "I don't care take your fucking shoes off now", in which the Plaintiff complied, but could barely stand on the cement due to the extreme pain in the Plaintiffs feet.

7) After being illegally searched, the Plaintiff, and the driver Quentez McKinney, where taken to the Ecorse Police Department. Once inside the Ecorse Police Department the Plaintiff was told by **Defendant Ryan Allen** that the Plaintiff was being charged with "weed , liquor , and obstructing me" , then **Defendant Ryan Allen** started laughing and talking to himself stating , "fucking dumb ass gonna record me , I got something for your ass". **Defendant Ryan Allen** finally brung over a document for the Plaintiff to sign stating, "this is a forfeiture paper you can sign it, or not, but I'm taking your fucking phone dumb ass". The Plaintiff choose to sign the forfeiture document, then **Defendant Ryan Allen** took the Plaintiffs mobile phone, and $73.00.

8) On 8/12/12 as the Plaintiff awoke in the Plaintiffs jail cell the Plaintiff notice that the cell was flooded, with feces floating around. The Plaintiff was in the cell for about 2 hours when the Plaintiff notice **Defendant Christoval Trevino** walking pass the cell. The Plaintiff stopped **Defendant Christoval Trevino**, and informed him that the cell was flooded. **Defendant Christoval Trevino** looked inside the cell, seen the flooding, then opened the door, and told the Plaintiff to step out.

9) The Plaintiff proceeded to walk down the cell block hallway when **Defendant Christoval Trevino** notice the Plaintiff limping, and asked, "what are you limping for". The Plaintiff stated, "I have gout in my feet". **Defendant Christoval Trevino** stated, "you look to young to have gout", the Plaintiff stated, "I really do have gout, and my feet are red, and swollen", **Defendant Christoval Trevino** stated, "seriously, show me". So the Plaintiff sat down, and started to untie one shoe when the Plaintiff stated, "is there any way I can have my medication brung up here because eventually I will have to get medical attention because my feet are swollen, and red, like apples", **Defendant Christoval Trevino** stated, "I heard you were trouble, you pussy motherfucker", then **Defendant Christoval Trevino** reached down and slapped the Plaintiff in the face. The Plaintiff sat there confused , and stated , "what's wrong with you man" , at the same time **Defendant Christoval Trevino** grabbed the Plaintiffs shirt ripping it , and two WITNESSES(Michael Crumby and Quentez McKinney) were yelling , "leave him alone , he didn't do nothing" , but **Defendant Christoval Trevino** did not

stop, and proceeded to stomp, then choke the Plaintiff, all while the Plaintiff screamed, "HELP, HELP", at the top of the Plaintiffs lungs but no one came, nobody, no supervisory officials, nobody. That's when **Defendant Christoval Trevino** pulled out a TASER saying, "nigger motherfucker, I got something for you nigger motherfucker", and began to TASER THE PLAINTIFF CLOSE TO 25 TIMES. The Plaintiff went in and out of consciousness, finally using his strength to crawl in a cell close to the Plaintiff. The Plaintiff was in great pain, could not breath properly, and the Plaintiffs muscles were spasming violently causing the plaintiff to "flop like a fish". **Defendant Christoval Trevino** then started yelling, "THAT'S THE WRONG MOTHERFUCKING CELL, THAT'S THE WRONG CELL". The plaintiff pleaded with **Defendant Christoval Trevino** not to TASER him again, and proceeded to crawl out of the cell but after coming out of the cell the Plaintiff was TASERED again several times, while the Plaintiff crawled to another cell screaming in pain. Once the Plaintiff was in the 2nd cell **Defendant Christoval Trevino** closed the cell door, and the Plaintiff layed on the cell floor "flopping like a fish".

10) ALL OF THE ABOVE INCIDENT IN PARAGRAFHS #8 AND #9 OF THIS COMPLAINT, INVOLVING DEFENDANT CHRISTOVAL TREVINO, WAS CAUGHT ON CAMERA. THERE WERE TWO CAMERAS THAT SHOULD HAVE CAUGHT THE WHOLE INCIDENT INVOLVING DEFENDANT CHRISTOVAL TREVINO. THE PLAINTIFF INFORMED THE JUDGE AT THE PLAINTIFFS ARRINGMENT IN COURT ON 8/14/14 ABOUT THE INCIDENT, AND THAT THE INCIDENT WAS RECORDED ON VIDEO CAMERA, ALSO THE PLAINTIFF PUT IN A FREEDOM OF INFORMATION ACT REQESTING THE CAMERA FOOTAGE, ALSO THE PLAINTIFF REQESTED THE CAMERA FOOTAGE IN TWO DIFFERENT ECORSE POLICE DEPARTMENT COMPLAINTS BUT WAS TOLD THE FOOTAGE WAS NOT AVAILIBLE.

11) The Plaintiff layed on the cell floor for approximately an hour or so when **Defendant Christoval Trevino** arrived with **Defendant Oakwood Hospital** paramedics Defendant John Doe 1, and Defendant John Doe 2, the Plaintiff could see, and hear, **Defendant Christoval Trevino** talking to **Defendant John Doe 1**, and **Defendant John Doe 2** laughing, and telling **Defendant John Doe 1**, and **Defendant John Doe 2** that the Plaintiff was an "ass hole". **Defendant John Doe 1** came into the Plaintiffs cell in which the Plaintiff informed **Defendant John Doe 1** that the Plaintiff had been stomped, chocked, slapped, TASERED, and that the Plaintiff was in EXTREME pain, and that the Plaintiffs ribs felt like they were broken, that the Plaintiffs body was burning from the TASER wounds, and that the Plaintiffs back, and neck were injured but **Defendant John Doe 1** only checked the Plaintiffs vital sign, and left the Plaintiff on the cell floor in EXTREME pain never taking the Plaintiff to a hospital.

12) Sometime later **Defendant Ryan Allen** came to the Plaintiffs cell door putting on gloves. The Plaintiff thought **Defendant Ryan Allen** was going to kill him. **Defendant Ryan Allen** opened the cell door kicked the Plaintiff, and ordered the Plaintiff to take some tissue down from the cells video camera (which proves the Ecorse Police Department cameras were on). The Plaintiff stated "I been laying here the whole time I didn't put the tissue up there".

13) **Defendant Ryan Allen** , after snatching off the tissue from the video camera in the cell , stated "give me that fucking sheet you get nothing (lol) , I'm glad he(Defendant Christoval Trevino) fucked you up , I guess what I said did get around fucking dumb ass (lol)" , then **Defendant Ryan Allen** closed the cell door and left.

14) Sometime later both **Defendant Ryan Allen** and **Defendant Christoval Trevino** were standing outside of the Plaintiffs cell. The Plaintiff could hear **Defendant Ryan Allen** state, "should we fuck him up again", and **Defendant Christoval Trevino** state, "naw I probably cost the department a few million dollars already beating his (Plaintiff) ass (lol) but who gives a fuck it's not my money plus he's a black hood bitch" and **Defendant Ryan Allen stated**, "right", and they both left.

15) On 8/13/12 the Plaintiff went to arraignment in the 25th District Court in Ecorse, Michigan. The Plaintiff immediately told the Judge that the Plaintiff was brutally assaulted, and TASERED close to 25 times, and that the ENTIRE INCIDENT SHOULD ALL BE CAUGHT ON VIDEO CAMERA. After leaving court the Plaintiff was approached by a Detective in which the Plaintiff informed her of the same incident.

16) On 9/10/12 the Plaintiff filed a complaint to the Ecorse Police Department against **Defendant Christoval Trevino** stating that the Plaintiff was brutally assaulted, TASERED, and TO REVIEW THE VIDEO CAMERA FOOTAGE, and that the Plaintiff wanted to press assault charges against **Defendant Christoval Trevino.** Unfortunately the Plaintiff NEVER heard anything back from the Ecorse Police Department about the complaint.

17) On 10/3/12 the Plaintiff filed another complaint to the Ecorse Police Department against **Defendant Christoval Trevino** stating the same wording as the first complaint but once again NEVER heard anything back.

18) On 10/3/12 all of the charges stemming from the incident on 8/11/12 were DISSMISSED. The 25th District Court dismissed the charges of "obstructing a police officer", "open intoxicants", and "possession of marijuana". The Plaintiff also was told the MOBILE PHONE containing the VIDEO FOOTAGE of the incident on 8/11/14 involving **Defendant Ryan Allen** could not be found.

## CAUSE OF ACTION

19) The actions of **Defendant Ryan Allen** of assaulting the Plaintiff by grabbing the Plaintiff and pulling the Plaintiff from the vehicle, and slamming the Plaintiff against the vehicle, without probable cause, was clearly excessive force, in violation of the 8th Amendment to the United States Constitution and illegal seizure of the Plaintiff in violation of the 4th Amendment to the United States Constitution. Also torts of assault, intentional infliction of emotional distress, and negligence.

20) The actions of the **Defendant Christoval Trevino** of assaulting the Plaintiff by brutally kicking ,choking, and tasering the Plaintiff over 20 times for no reason which resulting in the Plaintiff needing medical attention and psychological counseling is a clear use of excessive force in violation of the 8th amendment to the united States Constitution. Also torts of assault, intentional infliction of emotional distress, and negligence.

21) The actions of the **Defendant Ryan Allen** and/or **Defendant City of Ecorse, Defendant Ecorse Police Department** of intentionally destroying, losing, and/or withholding the Plaintiffs mobile phone, which contains video footage of civil and criminal actions of **Defendant Ryan Allen** described in this complaint which clearly shows **spoliation of evidence**, in violation of both federal and state torts for **Spoliation of Evidence**.

22) The actions of **Defendant Christoval Trevino** and/or **Defendant City of Ecorse**, and/or **Defendant Ecorse Police Department** of intentionally destroying, losing, and/or withholding, while in their possession, the video camera footage located in the Ecorse Police Departments cell block, where the Plaintiff was brutally assaulted, clearly is an act of **spoliation of evidence**, in violation of both federal and state torts for **Spoliation of Evidence**.

23) The policy and/or custom of **Defendant City Of Ecorse**, and/or **Defendant Ecorse Police Department** contributed to and/or proximity cause the actions of **Defendant Ryan Allen** and/or **Defendant Christoval Trevino** in the use of excessive force against the Plaintiff and/or assault of the Plaintiff in violation of the 8th amendment to the United states Constitution and also the added actions of **Defendant Ryan Allen** of illegally seizing the Plaintiff, without probable cause, resulting in the Plaintiff being falsely arrested, and falsely imprisoned, in violation of the 4th amendment to the United States Constitution. And also torts of assault, malicious prosecution, intentional infliction of emotional distress, and negligence.

24) The actions of **Defendant John Doe 1**, and/or **Defendant John Doe 2** of being deliberately indifferent to the Plaintiffs serious medical needs, and denying the Plaintiff proper medical attention, clearly is a violation of the Plaintiffs Eighth Amendment Constitutional rights and/or the tort of medical malpractice.

25) The policy and/or custom of **Defendant Oakwood Hospital** contributed to and/or proximity caused the actions of **Defendant John Doe 1**, and/or **John Doe 2** in being

deliberately indifferent to the Plaintiffs serious medical needs, and denying the plaintiff proper medical attention, in violation of the Eight amendment to the United States Constitution and/or the tort of medical malpractice.

**RELIEF:**

26) $10,000,000 jointly and/or separately for the violation of the Plaintiffs Eighth Amendment Constitutional Rights by the **Defendant City of Ecorse, Defendant Ecorse Police Department, Defendant Ryan Allen, and Defendant Christoval Trevino.**

27) $10,000,000 jointly and/or separately for the violation of the Plaintiffs Forth Amendment rights, and Eighteenth Amendment rights, by the **Defendant City of Ecorse, Defendant Ecorse Police Department, and Defendant Ryan Allen.**

28) $5,000,000 jointly and/or separately for the federal and/or state torts of, spoliation of evidence, assault, malicious prosecution, and intentional infliction of emotional distress by the **Defendant City of Ecorse, Defendant Ecorse Police Department, Defendant Ryan Allen, Defendant Christoval Trevino.**

29) $5,000,000 jointly and/or separately for the violation of the Plaintiffs Eighth Amendment rights, and/or the tort of medical malpractice, by the **Defendant Oakwood Hospital, Defendant John Doe 1, and John Doe 2.**

Respectfully Submitted,

------------------------------------------------

Emanuel Palmer

3888 19th St.

Ecorse, MI. 48229

JS 44 (./12) **CIVIL COVER SHEET** County in which action arose: Wayne

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** Emanuel Palmer

**DEFENDANTS** Ecorse Police Dept. et al.

**(b)** County of Residence of First Listed Plaintiff: Wayne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Wayne
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
3888 19th St., Ecorse, MI 48229

Case: 2:14-cv-12247
Judge: Drain, Gershwin A.
MJ: Grand, David R.
Filed: 06-06-2014 At 02:20 PM
CMP PALMER V. ECORSE POLICE DEPT. ET AL (DA)

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(For Diversity Cases Only)* and One Box for Defendant

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☒ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
U.S.C.A. 1983
Brief description of cause: Brutally Assaulted by Police

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: 6/6/14
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

..SUANT TO LOCAL RULE 83.11

1.      Is this a case that has been previously dismissed?    ☐ Yes ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2.      Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)    ☐ Yes ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :

# New Lawsuit Check List

Instructions: Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.

| | |
|---|---|
| ☑ | Two (2) completed **Civil Cover Sheets**. |
| ☐ | Enter the number of defendants named in your lawsuit in the blank below, add 2 and then enter the total in the blank.<br><br>__5__ + 2 = __7__ **Complaints**.<br># of Defendants     Total<br><br>Received by Clerk: _AA_  Addresses are complete: _AA_ | Case: 2:14-cv-12247<br>Judge: Drain, Gershwin A.<br>MJ: Grand, David R.<br>Filed: 06-06-2014 At 02:20 PM<br>CMP PALMER V. ECORSE POLICE DEPT. ET AL (DA) |
| ☐ | If any of your defendants are **government agencies**:<br>Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General. |

| | **If Paying The Filing Fee:** | | **If Asking That The Filing Fee Be Waived:** |
|---|---|---|---|
| ☐ | Current new civil action filing fee is attached.<br><br>Fees may be paid by check or money order made out to:<br><br>***Clerk, U.S. District Court***<br><br>Received by Clerk: _____ Receipt #: _____ | ☑ | Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs** forms.<br><br>Received by Clerk: _AA_ |

### Select the Method of Service you will employ to notify your defendants:

| | **Service via Summons by Self** | | **Service by U.S. Marshal**<br>(Only available if fee is waived) | | **Service via Waiver of Summons**<br>(U.S. Government cannot be a defendant) |
|---|---|---|---|---|---|
| ☐ | Two (2) completed **summonses** for each defendant including each defendant's name and address.<br><br><br><br><br><br>Received by Clerk: _____ | ☑ | Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint.<br><br>☑ Two (2) completed **Request for Service by U.S. Marshal** form.<br><br>Received by Clerk: _AA_ | ☐ | You need not submit any forms regarding the Waiver of Summons to the Clerk.<br><br>Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted, you will need:<br>• One (1) **Notice of a Lawsuit and Request to Waive Service of a Summons** form per defendant.<br>• Two (2) **Waiver of the Service of Summons** forms per defendant.<br><br>Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |

**Clerk's Office Use Only**

Note any deficiencies here:

Rev. 4/13