UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMANUEL PALMER,

        Plaintiff,

                                                              Case No. 14-cv-12247
vs.                                                 HON. GERSHWIN A. DRAIN

ECORSE POLICE DEPARTMENT, *et al.*,

        Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FILING FEE [#2], GRANTING REQUEST FOR SERVICE BY THE UNITED STATES MARSHAL [#3], DISMISSING ORDER TO SHOW CAUSE [#4], DENYING MOTION FOR RECONSIDERATION[#6], DENYING MOTION TO APPOINT COUNSEL [#7] AND PARTIALLY DISMISSING CLAIMS AND DEFENDANTS**

Presently before the Court is the *pro se* Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, filed on June 6, 2014. On June 16, 2014, this Court issued an Order for Plaintiff to show cause why he should be permitted to proceed without prepayment of the filing fee because Plaintiff's Application was missing several details needed for the Court to assess whether Plaintiff should be permitted to proceed without payment of the filing fee. Plaintiff filed an untimely response to this Court's Order to Show Cause, however Plaintiff's response and the attached documents demonstrate that Plaintiff is unable to pay the filing fee. Accordingly, the Court will grant Plaintiff's Application to Proceed Without Prepayment of Fees and Costs.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the court is required by statute to dismiss an *in*

*forma pauperis* complaint if it is: (i) Frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if it is "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted if, while viewing the facts in the light most favorable to plaintiff, it is clear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In the present case, Plaintiff's 42 U.S.C. § 1983 civil rights Complaint raises Fourth, Eighth and Fourteenth Amendment claims stemming from an incident on August 10, 2012. On that date, Plaintiff was a passenger in a vehicle stopped by Defendant Ryan Allen. Plaintiff claims Allen used excessive force during Plaintiff's arrest for obstructing a police officer, open intoxicants and for possession of marijuana.[1] Plaintiff further complains that once he was detained in the city jail, he was further subjected to Defendant Christoval Trevino's deliberate indifference and wanton disregard for Plaintiff's safety when Trevino, without cause, assaulted Plaintiff and activated his Taser at least 25 times. Accordingly, Plaintiff's claims against the Defendants City of Ecorse, Allen and Trevino are not subject to dismissal pursuant to § 1915(e)(2)(B).

However, the Complaint must be dismissed as to the City of Ecorse Police Department, which is not an entity that is subject to suit. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Zolnierek v. City of Bay City*, No. 08-cv-14928, 2009 U.S. Dist. LEXIS 56597, *3-4

---

[1] All of the charges were dismissed on October 3, 2012.

(E.D. Mich. Jul. 2, 2009) ("A police department is merely a creature of the city, the real party in interest.") (internal quotation marks omitted). Additionally, Plaintiff's claims against Oakwood Hospital, and its paramedic employees-- John Does 1 and 2-- are due to be dismissed. As an initial matter, Plaintiff cannot assert a 42 U.S.C. § 1983 action against these Defendants because they are not state actors. In order to state a viable claim under § 1983, Plaintiff must demonstrate that the purported constitutional violation is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Here, neither Defendant Oakwood Hospital nor its employee paramedics are state actors for purposes of § 1983. *See Sarin v. Samaritan Health Center*, 813 F.2d 755, 759 (6th Cir. 1987) (actions of hospital do not constitute state action for purposes of § 1983 even though it is licensed and regulated by the state).

Plaintiff also raises state law medical malpractice and negligence claims against Defendants Oakwood Hospital and John Does 1 and 2, however the Court declines to exercise supplemental jurisdiction over these claims. Under the standard enunciated in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), and codified in 28 U.S.C. § 1367(c), this Court has broad discretion to exercise its supplemental jurisdiction. Even where the district court "arguably ha[s] supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), the [district] court has discretion to decline to exercise its supplemental jurisdiction." *Cirasuola v. Westrin*, No. 96-1360, 1997 U.S. App. LEXIS 2242, *3 (6th Cir. April 18, 1997). The United States Supreme Court has stated that:

> Our decisions have established that pendent jurisdiction 'is a doctrine of discretion, not of plaintiff's right,' and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons.
>
>         *                    *                    *
>
> Accordingly, we have indicated that district courts should deal with cases involving

pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.

*City of Chicago v. International College of Surgeons*, 522 U.S. 156, 172-73 (1997) (internal citations and quotations omitted). In determining whether to exercise its supplemental jurisdiction, this Court must consider judicial economy, convenience, fairness and comity, and also avoid needless decisions of state law. *Id.* at 173; *Gibbs*, 383 U.S. at 726. Here, while the state and federal claims arise out of the "same common nucleus of operative facts," the claims will require different elements of proof and will unnecessarily increase the complexity and time for presenting the case to the jury. The Court finds that the interests of judicial economy greatly outweigh any advantage to trying Plaintiff's claims in one action. As such, the Court will dismiss these claims so Plaintiff may assert them in the state court.

Also, before the Court is Plaintiff's Motion for Reconsideration and Plaintiff's Motion to Appoint Counsel, both filed on July 31, 2014. Both motions are due to be denied. In his Motion for Reconsideration, Plaintiff requests that the Court reconsider its "order to have Plaintiff pay fees and costs . . . ." *See* Mot. at 1. This Court has not issued an Order denying Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, rather the Court issued an Order for Plaintiff to Show Cause. As such, Plaintiff's Motion for Reconsideration is denied as moot.

Additionally, while Plaintiff is entitled to proceed in this matter without payment of the filing fee, he is not entitled to the appointment of counsel. The "appointment of counsel in a civil case is a privilege and not a constitutional right. It should be allowed in civil actions only in exceptional cases." *Lopez v. Reyes*, 692 F. 2d 15, 17 (5th Cir. 1982).

> In determining whether exceptional circumstances exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F. 2d 601, 605 (6th Cir. 1993) (internal citations and quotations omitted); *see also, Henry v. Detroit Manpower Dep't*, 763 F. 2d 757, 760 (6th Cir. 1985) ("[T]he district courts, in considering an application for appointment of counsel, should at least consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit."). A review of Plaintiff's Application to Appoint Counsel demonstrates that he has failed in his burden showing this is an exceptional case warranting the appointment of counsel.

Accordingly, Plaintiff's Application to Proceed without Prepayment of Fees and Costs [#2] is GRANTED. Plaintiff's Request for Service by the United States Marshal [#3] is GRANTED. The United States Marshal Service is hereby ordered to serve Defendants Ryan Allen, Christoval Trevino, and the City of Ecorse with the summons and a copy of Plaintiff's Complaint.

Defendants Oakwood Hospital, John Doe 1 and John Doe 2 are DISMISSED WITHOUT PREJUDICE.

This Court's Order to Show Cause [#4] is DISMISSED.

Plaintiff's Motion for Reconsideration [#6] is DENIED.

Plaintiff's Motion to Appoint Counsel [#7] is DENIED.

SO ORDERED.

Dated: August 13, 2014                                /s/Gershwin A Drain
                                                      GERSHWIN A. DRAIN
                                                      UNITED STATES DISTRICT JUDGE