UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMANUEL PALMER,

    Plaintiff,

v.

Case No. 14-cv-12247
HON. GERSHWIN A. DRAIN

RYAN ALLEN,
CHRISTOVAL TREVINO,
CITY OF ECORSE,

    Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT COUNSEL [#16], DENYING PLAINTIFF'S MOTION TO STAY CASE [#16], AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO ANSWER DEFENDANTS' REQUEST FOR DEPOSITION, INTERROGATORIES, AND DISCOVERY [#19]**

**I.    INTRODUCTION**

On June 4, 2014, Plaintiff, Emanuel Palmer ("Palmer" or "Plaintiff"), proceeding *pro se*, filed the immediate Complaint. Dkt. No. 1. In the Complaint, Palmer requests relief under 42 U.S.C. § 1983, alleging that the Defendants are liable for use of excessive force and deliberate indifference in violation of the Eighth Amendment of the U.S. Constitution. Plaintiff also alleges false arrest, false imprisonment, and illegal seizure against Defendants in violation of the Fourth Amendment. Plaintiff further alleges spoliation of evidence and malicious prosecution against Defendants in violation of the Due Process Clause of the Fourteenth Amendment. As a final matter, Plaintiff alleges assault, spoliation of evidence, medical malpractice, and negligence under a torts theory of liability.

On July 31, 2014, Plaintiff filed a Motion to Appoint Counsel. Dkt. No. 7. On August 13, 2014, this Court entered an Order denying Plaintiff's Motion to Appoint Counsel. Dkt. No. 8. In this Order, this Court also dismissed all of Plaintiff's claims against Oakwood Hospital and John Does 1 and 2. *Id.* The Court further dismissed Plaintiff's claims against the Ecorse Police Department. *Id.*

Presently before this Court is Plaintiff's Motion to Appoint Counsel and to Stay Case, filed on October 1, 2014. Dkt. No. 16. Also before this Court is Plaintiff's Motion for Extension of Time to Answer Defendants' Request for Deposition, Interrogatories, and Discovery Until Appointment of Counsel Is Granted, filed on October 1, 2014. Dkt No. 19.

For the reasons herein, the Court will GRANT Plaintiff's Motion to Appoint Counsel and will DENY Plaintiff's Motion to Stay Case [#16]. The Court will also GRANT Plaintiff's Motion to Extend Time to Respond to Depositions, Interrogatories, and Discovery Until Appointment of Counsel Is Granted for Plaintiff [#19].

## II. FACTUAL BACKGROUND

On August 10, 2012, Plaintiff Palmer was a passenger in a vehicle when he was stopped by Defendant Ryan Allen. After detaining the driver of the vehicle, Plaintiff asserts that Allen proceeded to the passenger side of the vehicle, reached through the passenger window to grab the door handle, opened the door, and forcefully grabbed the Plaintiff by the neck. Plaintiff further claims that upon seeing Plaintiff's mobile phone recording the incident, Defendant Allen grabbed the phone and pressed the "stop record" button. Plaintiff alleges that Defendant Allen then forcefully detained him as well.

Plaintiff claims that after he was searched, he and the driver, Quentez McKinney ("McKinney") were taken to the Ecorse Police Department. Once at the police department, Plaintiff asserts that he chose to sign a forfeiture document, for which Defendant Allen then took Plaintiff's mobile phone and $73.

Plaintiff further asserts that when he was detained in the city jail, he was subjected to Defendant Christoval Trevino's deliberate indifference and wanton disregard for Plaintiff's safety when Trevino assaulted Plaintiff (which included slapping, choking, and stomping on Plaintiff) and when Trevino activated his Taser against Plaintiff at least 25 times.

On September 10, 2012, Plaintiff filed a complaint with the Ecorse Police Department against Defendant Trevino regarding the alleged assault. On October 3, 2012, Plaintiff filed another complaint with the police department. Plaintiff claims that he did not receive a response regarding either complaint.

In its August 13 Order, this Court dismissed the Complaint as to the Ecorse Police Department because it is not an entity subject to suit. Dkt. No. 8. The Court also dismissed the Complaint as to Oakwood Hospital and its paramedic employees, John Does 1 and 2, because they are not state actors for purposes of § 1983. *Id.* Lastly, the Court declined to exercise supplemental jurisdiction over the state law medical malpractice and negligence claims against Defendants Oakwood Hospital and John Does 1 and 2. *Id.*

### III. LAW AND ANALYSIS

#### A. Standard of Review

The United States Code states: "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel in a civil case, however, is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (quoting *Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1985)). The Sixth Circuit has held that, "[t]he appointment of counsel to civil litigants is a decision left to the sound discretion of the district court," *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992), and is a privilege justified only by exceptional circumstances. *Lavado*, 992 F.2d at 606 (quoting *Lopez v. Reyes*, 692 F.2d 15, 17 (11th Cir. 1985)).

To determine whether "exceptional circumstances" are present, courts should examine "the type of case and the abilities of the plaintiff to represent himself." *Id.* (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)). This determination involves examining the "complexity of the factual and legal issues involved." *Id.* (quoting *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986)). Finally, a court must also evaluate the likelihood of success of the plaintiff's claim. The Sixth Circuit has held that appointment of counsel is inappropriate when a *pro se* litigant's claims are either frivolous, or when the chances of success are extremely slim. *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985) (citations omitted); *see also Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985). A claim is considered "frivolous" if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In addition, a frivolous claim is one that lacks merit, is baseless, or with factual allegations that can be described as "fanciful," "fantastical," or "delusional." *See Denton v. Hernandez*,

504 U.S. 25, 32-33 (1992). A finding of frivolousness is proper when "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *Id.* at 33.

### B. Plaintiff's Motions for Court-Appointed Counsel, to Stay Case, and to Extend Time To Answer Requests for Discovery

Plaintiff, in the immediate Motion, has demonstrated an exceptional set of circumstances that warrants appointment of counsel in this case. In making this determination, the Court examined the type of case in conjunction with Plaintiff's ability to represent himself. *See Lavado*, 992 F.2d at 606. Plaintiff has asserted that he has no legal training, lacks the finances and access to conduct research, and does not possess the computer skills needed to respond to Defendants' requests for discovery documents. Dkt. No. 16. In addition, the Plaintiff has asserted several Constitutional and common law claims, which increases the complexity of the factual and legal issues. *Lavado*, 992 F.2d at 606. The Court has referred this case to the Pro Bono Committee to locate counsel to represent Plaintiff.

The Court will deny Plaintiff's Motion to Stay the Case. The Court conducted a Scheduling Conference on November 5, 2014, at 2:30 p.m. The Court has entered a new Scheduling Order that will accommodate the time required to appoint counsel and to respond to discovery.

### IV. CONCLUSION

Plaintiff's Motion to Appoint Counsel and to Stay Case [#16] is **GRANTED** in part and **DENIED** in part.

Plaintiff's Motion for Extension of Time to Answer Discovery Requests [#19] is **GRANTED**.

IT IS SO ORDERED.

Dated: November 6, 2014  s/Gershwin A. Drain
       Detroit, Michigan  GERSHWIN A. DRAIN
                          United States District Judge

-4-

-5-

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on **November 6, 2014**

                                      s/Tanya R. Bankston
                                      TANYA R.BANKSTON
                                      Case Manager & Deputy Clerk