UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMANUEL PALMER,

Plaintiff,

v.

RYAN ALLEN, ET AL.

Defendants.
_____/

Case No. 14-cv-12247

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [48], GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND SIGNED AUTHORIZATION [50], AND GRANTING MOTION FOR ADJOURNMENT OF PLAINTIFF'S DEPOSITION AND MODIFICATION OF SCHEDULING ORDER [51]**

On June 6, 2014, Emanuel Palmer ("Plaintiff") filed a complaint alleging violations under the United States Constitution and state tort law against the Ecorse Police Department, Ryan Allen, Cristoval Trevino, Oakwood Hospital, and Does 1 and 2 (collectively "Defendants"). Dkt. No. 1. The Court granted Plaintiff's request for court-appointed counsel in November 2014, and his present counsel was assigned in April 2015. Dkt. No. 27, 37.

This matter is presently before the Court on three separate motions. First, Plaintiff filed a Motion for Leave to File First Amended Complaint [48] on October 23, 2015. Defendant's then filed a Motion to Compel Plaintiff's Deposition and Signed Authorization [50] on October 29, 2015. Finally, Plaintiff filed an Emergency Motion for Adjournment of Plaintiff's Deposition and Modification of Scheduling Order [51] on November 10, 2015.

For the following reasons, the Court **GRANTS** all three motions, with minor modifications to each.

-1-

### A. Plaintiff's Motion for Leave to File First Amended Complaint

Although generally a "party may amend its pleading once as a matter of course," FED. R. CIV. P. 15(a), "in all other cases it may amend a pleading only with the opposing party's consent or with leave of the court." *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009). "The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the present case, Plaintiff's *pro se* Complaint did not set forth the causes of action alleged in his allegations, an error his appointed counsel seeks to correct in the Amended Complaint. *See* Dkt. No. 48, pp. 2–3 (Pg. ID No. 165–66). Although the factual allegations in the original and amended complaints are essentially the same, Defendant correctly notes that Plaintiff seeks to add a new defendant, Police Officer Kevin Barkman, to the case after the statute of limitations has run. *See* Dkt. No. 49, pp. 5–6 (Pg. ID No. 213–14). Accordingly, the Court will allow Plaintiff to amend his complaint, but will prohibit him from adding Barkman as an additional defendant. Plaintiff's amended complaint, modified to remove the newly added defendant, is to be filed no later than November 23, 2015.

### B. Defendants' Motion to Compel Deposition and Signed Authorization

Defendant's Motion to Compel notes that Plaintiff cancelled and rescheduled his deposition seven times at the time the motion was filed. *See* Dkt. No. 50, p. 4, ¶ 3 (Pg. ID No. 219). Additionally, Defendants allege that Plaintiff has failed to provide Defendants with medical authorizations necessary for the proper evaluation of the matters involved in this case. *See id.* at ¶¶ 6–10.

Accordingly, the Court orders Plaintiff to attend his deposition, which is to occur no later than December 7, 2015. If Plaintiff is not deposed by this date, the Court will assess costs against the responsible party in the amount of $500. Furthermore, the Court orders Plaintiff himself—not his attorney—to sign and provide medical authorizations to Defendants no later than November 25, 2015. If Plaintiff fails to provide the signed authorizations to Defendants by November 25, 2015, the Court will assess costs against him in the amount of $500. However, the Court will limit the scope of these authorizations to the time period of 2003 to present and will not require that Plaintiff provide "any information regarding communicable diseases and infections, tuberculosis, venereal diseases, sexually transmitted diseases, acquire immunodeficiency syndrome (AIDS), human immunodeficiency virus (HIV) or ARC."

### C.     Plaintiff's Motion to Adjourn and Modify Scheduling Order

Finally, as the Court has granted Plaintiff's request to amend his complaint, the Court will amend the Scheduling Order as follows:

**Discovery** - All discovery shall be completed by January 27, 2016;

**Motions** - Dispositive motions shall be filed by February 29, 2016;

**Settlement Conference -** The settlement conference currently scheduled for March 7, 2016 at 9:30 a.m., shall be adjourned and will be rescheduled for April 2016 to take place with Magistrate Judge David R. Grand;

**Motions *in Limine* -** Motions *in limine* are due no later than May 24, 2016;

**Final Pretrial Order** - The final pretrial order is due no later than June 7, 2016;

**Final Pretrial Conference -** The final pretrial conference shall be rescheduled for June 21, 2016 at 10:00 a.m.; and

**Jury Trial -** The trial shall be rescheduled for July 5, 2016 at 9:00 a.m..

In conclusion, the Court **GRANTS** Plaintiff's Motion for Leave to File First Amended Complaint [48], which is to be filed no later than November 23, 2015 and shall not include any defendants not previously listed in the original complaint. Additionally, the Court **GRANTS** Defendants' Motion to Compel Plaintiff's Deposition and Signed Authorization [50] and **HEREBY ORDERS** Plaintiff to be deposed by December 7, 2015, or $500 in costs will be assessed by the Court. The Court also **ORDERS** Plaintiff to submit self-signed medical authorizations, with limitations as detailed above, to Defendants no later than November 25, 2015, or $500 in costs will be assessed by the Court. Finally, the Court **GRANTS** Plaintiff's Motion for Modification of Scheduling Order [51], to be amended consistent with the dates listed above.

IT IS SO ORDERED.

Dated: November 16, 2015

                                                      s/Gershwin A. Drain
                                                      HON. GERSHWIN A. DRAIN
                                                      United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record l on November 16, 2015. Service was done electronically and by U S Postal Mail as required.

                                                      s/Teresa A. McGovern
                                                      Case Manager Generalist