UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMANUEL PALMER,

Plaintiff,

v.

RYAN ALLEN, et al.,

Defendants.
_____ /

Case No. 14-cv-12247

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS DUE TO SPOLIATION OF EVIDENCE [112]**

## I. INTRODUCTION

On August 25, 2016, Plaintiff filed a Motion for Sanctions, seeking a judgment of liability against former defendant City of Ecorse for allegedly destroying video evidence from the jail. Dkt. No. 11, p. 2 (Pg. ID No. 3144). Defendants Ryan Allen and Christoval Trevino responded on September 8, 2016. Dkt. No. 114. A hearing was held on the motion on September 27, 2016.

## II. BACKGROUND

On June 21, 2016, the Court issued an order granting in part and denying in part Defendants' Motion for Summary Judgment [73]. *See* Dkt. No. 89. In that order, the Court dismissed all claims against the City of Ecorse, including Count

V: Destruction of Evidence. *Id.* at pp. 26–31 (Pg. ID No. 1179–84). In the Court's ruling on this claim, the Court noted that Palmer could not sustain a claim related to his cellphone, as it had been returned to him with the video intact. *Id.* at 26.

In the second part of his destruction of evidence claim, Palmer sought to hold all of the defendants liable for destruction of the jail video. The Court dismissed his claim against Defendants Allen and Trevino, as Palmer had not produced any evidence that either of the two ever possessed or controlled the video. Dkt. No. 89, pp. 29–30 (Pg. ID No. 1182–83). The Court also dismissed Palmer's claim against the City of Ecorse, which attempted to hold the City liable "[t]hrough the doctrine of *respondeat superior*[.]" Dkt. No. 53, p. 16 (Pg. ID No. 287).

In light of this procedural posture, the Court now considers Palmer's motion for sanctions against the City of Ecorse.

### III. LEGAL STANDARD

"A federal court's inherent powers include broad discretion to craft proper sanctions for spoliated evidence." *Automated Sols. Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 513 (6th Cir. 2014) (quoting *Adkins v. Wolever*, 554 F.3d 650, 651 (6th Cir. 2009) (*en banc*)). Rule 37(e) of the Federal Rules of Civil Procedure governs the burden of proof and available sanctions for failure to preserve electronically stored information.

An amended version of Rule 37(e) applied to civil cases commenced after December 1, 2015, "and, insofar as just and practicable, all proceedings then pending." *See* 2015 U.S. Order 0017; 28 U.S.C. § 2074(a). The previous rule, adopted in 2006, stated:

> Absent exceptional circumstances, a court may not impose sanctions under these rules on a party for failing to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system.

FED. R. CIV. P. 37(e) (effective until Nov. 30, 2015). The version of Rule 37(e) effective as of December 1, 2015 states:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>> (A) presume that the lost information was unfavorable to the party;
>>
>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>>
>> (C) dismiss the action or enter a default judgment.

FED. R. CIV. P. 37(e) (effective Dec. 1, 2015).

### IV. DISCUSSION

Palmer filed the present case before December 1, 2015, when the amended Rule 37(e) became effective. He filed the present motion on August 25, 2016, well after the amended Rule 37 went into effect.

In the opinion of the Court, application of the amended Rule 37(e) to the pending proceeding is both feasible and just. *Cf. Applebaum v. Target Corp.*, No. 15-2198, 2016 WL 4088740, at *4 (6th Cir. Aug. 2, 2016) (noting that how the amended version of Rule 37(e) would apply to a case filed in 2011). As stated recently in this district, "[w]hile the language of the rules changed, the spirit and principles underlying them have not materially changed in a manner adverse to [the moving party]." *Konica Minolta Bus. Sols., U.S.A. Inc v. Lowery Corp.*, No. 15-CV-11254, 2016 WL 4537847, at *3 (E.D. Mich. Aug. 31, 2016) (noting the similarities and distinctions between the two versions of Rule 37(e) and applying the new Rule 37(e) to alleged conduct occurring before the rule amendment).

Nevertheless, Palmer's motion for sanctions fails regardless of the version of 37(e) applied by the Court. Both the new and old versions of Rule 37(e) specify that sanctions are applicable to a "party" who failed to preserve electronically stored information. *See* FED. R. CIV. P. 37(e) (effective until Nov. 30, 2015); FED. R. CIV. P. 37(e) (effective Dec. 1, 2015). All claims against the City of Ecorse were

dismissed in the order on summary judgment, and thus it is no longer a party to the litigation. *See* Dkt. No. 89, p. 48 (Pg. ID No. 1201) (specifying that the only remaining claims were Count I against Allen and Trevino; Count VII against Trevino; Count XI against Allen and Trevino; and Count XII against Trevino). Since Palmer did not provide any argument or evidence that Defendants Allen and Trevino intentionally destroyed the video evidence in dispute, his motion is denied.

At the hearing on this motion, the Court learned for the first time that the videos of the alleged assault in the jail were not destroyed and were in fact recently recovered. It is deeply concerning that videos requested by the Plaintiff two years ago, *see* Dkt. No. 15, have only just materialized. The explanations as to why the video was unavailable for the four years after the incident have varied. First, the City of Ecorse claimed that "[b]ased on information and belief," the jail video was "no longer in Defendants' possession." Dkt. No. 23, p. 2 (Pg. ID No. 87). Then, in March 2015, Defendants' counsel stated that the jail video was unavailable because a "catastrophic failure of jail video equipment" resulted in no video being available from the entire calendar year 2012. Dkt. No. 112-7, p. 2 (Pg. ID No. 3243). However, when Plaintiff's expert examined the hard drive, thousands of video files were found. Dkt. No. 112, p. 11 (Pg. ID No. 3153). Defendants' counsel now states that their own expert found video from the night of the incident in those files, and that the video disproves Plaintiff's allegations.

In every case, there must be a reasonably diligent effort to comply with legally proper discovery requests. *See* Model Rules of Prof'l Conduct R. 3.4(d) (2015). While the Court does not find that there was an absence of effort in this case, it is discouraging that it took two years to recover this video. In the interim, the Court invested a significant amount of time working to resolve motions that could have been more expeditiously resolved with video evidence. Moreover, case evaluation and settlement conferences were conducted based on incomplete evidence and allegations that the video may serve to prove or disprove. The Court hopes that limited judicial resources will be used more conscientiously in the future.

## V. CONCLUSION

Palmer's Motion for Sanctions Due to Spoliation of Evidence [112] is **DENIED**. Neither party will be awarded costs, interest, or attorneys' fees related to work on the present motion.

IT IS SO ORDERED.

Dated: September 28, 2016

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge