UNITED STATES DISTRICT COURT
EASTERN DIVISION OF MICHIGAN
SOUTHERN DIVISION

EMANUEL PALMER                          CASE NO. 2:14-cv-12247
                                        HON. GERSHWIN A. DRAIN

          Plaintiff

-V-

CITY OF ECORSE, a municipal corporation,
POLICE Officer RYAN ALLEN,
POLICE Officer CHRISTOVAL TREVINO,
Individually and in their official capacity,
Jointly and severally,              **PLAINTIFF'S MOTION IN LIMINE**

          Defendants
_____/
RONNIE E. CROMER JR.  (P59418)
THE CROMER LAW GROUP PLLC
Attorney for Plaintiff
24901 Northwestern Highway
Suite 612
Southfield, MI. 48075
(248) 809-6790 (Office)
(248) 587-7344 (Facsimile)
Email: rcromerjr@thecromerlawgroup.com

MICHAEL D. CROW (P51538)
ZAUSMER, KAUFMAN, AUGUST & CALDWELL PC
Attorney for Defendants
31700 Middlebelt Road
Suite 105
Farmington Hills, MI. 48333-3040
(248) 851-4111 (Office)
Email: mcrow@zkac.com
_____/

## PLAINTIFF'S MOTION IN LIMINE

**NOW COME** your **Plaintiff EMANUEL PALMER** by and through his attorneys **THE CROMER LAW GROUP PLLC**, and hereby moves the Court in limine to bar certain evidence, testimony, inference, and argument in this case and asks the Court to direct the attorneys for defendants to advise all their witnesses of the Court's order.[1]

**PLAINTIFFS' MOTION IN LIMINE #1 -
PLAINTIFF'S PRIOR CONVICTIONS ARE NOT ADMISSIBLE**

In support thereof, Plaintiff argues as follows:

Defendants have indicated that they intend to introduce evidence regarding Plaintiff's past felony convictions. In regards to felony convictions, in 1985, when Mr. Palmer was 15-years old, he plead guilty to CCW and received probation. In 1989, at the age of 19, he plead guilty to possession of two (2) rocks of cocaine and received probation.  In 2000 and 2001, he plead guilty to possession of a gram of cocaine and received probation.   With respect to misdemeanor convictions, Mr. Palmer has multiple driving while license suspended (DWLS) or no-operators permit and in 2014, he plead guilty to malicious destruction of property (MDOP),

---

[1] Pursuant to the Scheduling Order and LR 7.1(a), there was a conference between counsel where the nature of the instant motions was explained, along with its legal basis, but concurrence in the relief sought was not obtained.

along with several probation violations for failure to comply with the terms

of his probation.  Notwithstanding the same, Mr. Palmer has no felony or

misdemeanor convictions relating to theft or dishonesty.  Outside of FRE

609, which allows certain convictions to be used to attack character for

truthfulness, these convictions are not relevant to any issue in this matter.

FRE 609 provides:

> **(a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:**
>
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
>> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>>
>> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement.
>
>> **(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later.  Evidence of the conviction is admissible only if:
>>
>>> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Plaintiff's minor drug possession convictions from the mid-1990s and early 2000's are definitionally inadmissible.  Further, Defendants have not provided the required written notice that they plan to impeach Mr. Palmer with any of his convictions as required by MRE 609(B)(2).  Thus, they are precluded from admitting evidence of these convictions for failure to give notice.  However, even without the failure to provide notice, the convictions would be inadmissible.

Defendants have supplied no specific facts and circumstances that would demonstrate any probative value of these convictions, and none exist.  Moreover, even if the convictions were admissible under FRE 609 for impeachment purposes, they should be excluded under FRE 403 as the probative value of (21-15 year-old convictions) is de minimus and is substantially outweighed by the danger of unfair prejudice.

This evidence could also lead to confusion of the issues and misleading the jury.  The evidence is also inadmissible under FRE 401 and FRE 402 because it has no relevance.  None of the Plaintiff's 21-15 year-old drug possession felony convictions nor his 2014 MDOP misdemeanor

conviction or multiple DWLS/No-Ops permit arrests tend to make any fact at issue in this case more or less probable than it would be without the evidence.  The fact Palmer has old convictions (none relating in any regard to theft or dishonesty) are of no consequence in determining the prevalent issue before the jury - whether or not the defendant officers used excessive force.

**PLAINTIFFS' MOTION IN LIMINE #2 -**
**DEFENDANT POLICE OFFICERS ARE PRECLUDED FROM STATING**
**LEGAL CONCLUSIONS**

In support thereof, Plaintiff argues as follows:

Plaintiff is suing the Defendant officers for excessive force, assault and battery, ethnic intimidation, and intentional infliction of emotional distress.  Under the excessive force jury instruction, the jury must consider whether Plaintiff was "actively resisting".  The evidence in the cause will clearly reveal that Mr. Palmer was not.

It is anticipated that the Defendants will testify that Plaintiff was resisting. That is a legal conclusion. In *Torres v Oakland County*, 758 F.2d 147 (6th Cir. 1985), the Sixth Circuit condemned this type of testimony. The court stated, "The problem with testimony containing a legal conclusion is in conveying the witness's unexpressed, and perhaps erroneous, legal

standards to the jury.  This 'invades the province of the court to determine

the applicable law and to instruct the jury as to that law.'" *Id*. at 150. The

court also stated that Rule 704 "does not provide that witness's opinions as

to the legal implications of conduct are admissible." (Citations omitted.) *Id*.

at 150.

Finally, the *Torres* court, while noting that the trial courts are generally

accorded a relatively wide degree of discretion in admitting testimony which

arguably contains legal conclusions, found that it was improper for

witnesses to use legal terms in their testimony which are essentially terms

of art:

> "The best resolution of this type of problem is to determine whether
> the terms used by the witness have a separate, distinct and
> specialized meaning in the law different from that present in the
> venacular. If they do, exclusion is appropriate."  *Id*. at 151.

The court also stated that it was inappropriate for a witness to testify that

certain conduct was "unlawful" since the terms "demanded an

understanding of the nature and scope of the criminal law."

"Resisting" and "obstructing" are terms of art for the purposes of

whether a person violated MCL 750.81d. *See* Michigan Criminal Jury

Instructions, CJI2d 13.2.

Plaintiff anticipates Defendants will testify that Plaintiff "resisted" or was "resisting" or that he "obstructed". Such testimony would be a legal conclusion and provide legal standards and define the law based on a particular set of facts. Thus, exclusion of this type of testimony is appropriate. Defendants may testify to what they saw and did. For example, Defendants may testify that Plaintiff kicked or punched or pulled his arms away, but Defendants may not state Plaintiff "resisted" or "obstructed".

**PLAINTIFFS' MOTION IN LIMINE #3 -
DEFENDANT OFFICERS MAY NOT TESTIFY REGARDING THEIR
SUBJECTIVE INTENT**

In support thereof, Plaintiff argues as follows:

Defendants also may seek to testify about their intentions when they assaulted Mr. Palmer and at other times during the incident. The Defendants' subjective intent is irrelevant and inadmissible under F.R.E. 401. The officers' intentions have no bearing on whether Defendants used excessive force. Section 1983 does not require specific intent to deprive a person of a federal right. In *Donald v. Wilson,* 847 F.2d 1191 (6th Cir. 1988), the court held that it was error not to give the following instruction:

> "Intent is not an element of Plaintiff's case. Plaintiff need not
> show defendant intended to deprive him of specific rights. The

fact that the defendants had no specific intent or purpose to deprive plaintiff of his civil rights will not absolve them from liability if they did in fact deprive him of those rights." *Id.* at 1198.

Accordingly, the intentions of the Defendant officers are irrelevant. The Defendant officers should be precluded from providing any testimony regarding their intentions when they used force against Plaintiff during the incident.

**PLAINTIFFS' MOTION IN LIMINE #4 -
IMPROPER BOLSTERING OF DEFENDANT'S CHARACTER**

In support thereof, Plaintiff argues as follows:

Defendants should not be allowed to bolster the defendants with testimony of commendations, awards, etc. Such testimony is inadmissible hearsay and improper bolstering and should be excluded. *See* Fed. R. Evid. 608.  In general, bolstering testimony is inadmissible unless there is a specific attack on a witnesses' credibility.  *See e.g., United States v. Quinones,* 511 F.3d 289, 312-13 (2d Cir. 2007); *United States v Meling,* 47 F.3d 1546, 1558 (9th Cir. 1995); *United States v. Porges,* 80 Fed. Appx. 130, 132 (2d Cir. 2003) (summary order); *United States v. Gaind,* 31 F.3d 73, 78 (2d Cir. 1994); *see also* 1 McCormick on Evidence § 33 at 147 (Kenneth S. Broun ed., 6th ed.2006).

Further, mere harsh cross examination that questions a witnesses'
recollection or accuracy of their testimony does not count as an attack on
credibility. *United States v. Fernandez*, 829 F.2d 363, 366 (2d Cir. 1987)
(*per curiam*). During Defendant officers' time on the City of Ecorse Police
force, they have received commendations and/or awards in the course of
their duties. The introduction of such evidence at trial is inadmissible
because it is hearsay and not allowed under the character evidence
exception under Federal rule of Evidence 404(a). Police officers attempting
to offer evidence of commendations earned amount to inadmissible
hearsay under FRE 401(a)(1). *United States v. Nazzaro,* 889 F.2d 1158
(1st Cir. 1889); *United States v. Washington*, 106 F.3rd 983 (D.C.Cir 1997).

**PLAINTIFFS' MOTION IN LIMINE #5 -**
**IMPLICATIONS THAT PLAINTIFF'S ALLEGED USE OF AN ILLEGAL**
**CONTROLLED SUBSTANCE AND/OR USE OF ALCOHOL**

In support thereof, Plaintiff argues as follows:

Plaintiff moves, pursuant to Fed. R. Evid. 402, 403, 404(a), 404(b)
and 608, for an order barring evidence, testimony, inference, and argument
regarding the use of illegal drugs or abuse of alcohol. There is no evidence
that there was any use and/or abuse of illegal drugs that pertained to the
incidents underlying this action, and aside from mere speculation regarding

the same, there is no evidence that drugs and/or alcohol abuse had

anything to do with Mr. Palmer being excessively tasered or violently being

slammed against a vehicle.

**PLAINTIFFS' MOTION IN LIMINE #6 -**
**PLAINTIFFS' ATTORNEY FEES**

In support thereof, Plaintiff argues as follows:

Plaintiff seeks that this Court bar any reference to the circumstances

under which the attorney for Plaintiff was employed, or the fees or the

contingent contract under which the attorney has been retained pursuant to

Fed. R. Evid. 402.

**PLAINTIFFS' MOTION IN LIMINE #7 -**
**EXCLUDING NON-PARTY WITNESSES FROM THE COURTROOM**

In support thereof, Plaintiff argues as follows:

Plaintiff moves, pursuant to Fed.R.Evid. 615, to bar, prohibit and

restrict non-party witnesses from the courtroom during the testimony of

other witnesses.

**PLAINTIFFS' MOTION IN LIMINE #8 -**
**EXCESSIVE DAMAGES**

In support thereof, Plaintiff argues as follows:

Plaintiff moves this Honorable Court to exclude in limine any

argument in closing to the effect that: (1) the Plaintiff has asked for more

money than he expects to be awarded; (2) the recovery of Plaintiff may not

be subject to income tax; (3) that defense counsel is shocked by Plaintiff's

damage request; and (4) that the damage request, or Plaintiff's case, would

place a burden upon the public as a whole, or increase taxes, or increase

the budget deficit for the City of Ecorse, who is suffering from financial

difficulties, *etc*. Fed. R. Evid., 402 , and 403.

**PLAINTIFFS' MOTION IN LIMINE #8 -
BAR DEFENDANTS FROM WEARING UNIFORMS AND MEDALS AT
TRIAL**

In support thereof, Plaintiff argues as follows:

Plaintiff anticipates that Defendant Officers may appear in court

wearing their City of Ecorse Police (Public Safety) Department uniforms

and medals, which Plaintiff requests they are barred from doing.  The

introduction of this evidence at trial is inadmissible and does not fall under

any of the character evidence exceptions.  *See* Fed. R. Evid. 404(a).

The appearance of the Defendant Officers in uniform, wearing

medals, is a form of character evidence that is wholly unrelated and

irrelevant to Plaintiff's claims.  Such a presentation is designed to

intentionally bias the jury in order to cast the Defendants in a more

favorable light.  It has absolutely no probative value regarding the disputed

issues in this litigation and would be highly prejudicial to Plaintiff and thus

should be excluded from trial.  *See* Fed. R. Evid. 401, 403 and 404.

**PLAINTIFFS' MOTION IN LIMINE #9 -**
**BAR OPINION OR TESTIMONY REGARDING THE COLLATERAL**
**PAYMENTS OF MEDICAL EXPENSES**

In support thereof, Plaintiff argues as follows:

Plaintiff received medical treatment for the injury he suffered at the

hands of the Defendants.  Plaintiff will testify regarding his medical

treatment and will seek the admission of his medical records and bills

arising from that treatment.  Plaintiff requests that any evidence or

reference to collateral source payments of Plaintiffs' bills for their medical

treatment be excluded from trial.

The black-letter "collateral source rule" is accepted doctrine in this

Circuit. *See, inter alia, Carter v. Berger,* 777 F.2d 1173, 1175 (7th Cir. 1985)

("The collateral benefit rule of tort law rests on the belief that the wrongdoer

should be made to pay — the better to deter like conduct — whether or not

the victim has providently supplied another source of compensation, unless

the supplier of the compensation has a subrogation clause")(internal

quotations omitted); *National Labor Relations Board v. Marshall Field &*

*Co.,* 129 F.2d 169, 172 (7th Cir. 1942) ("The wrongdoer may not be benefited by collateral payments made to the person he has wronged").

Accordingly, any mention of or evidence regarding insurance payments or other collateral-source payments for Plaintiffs' medical bills should be precluded from the trial.

**PLAINTIFFS' MOTION IN LIMINE #10 -
BAR TESTIMONY THAT PLAINTIFF IS "LITIGIOUS" OR "ANYBODY
CAN FILE A LAWSUIT"**

In support thereof, Plaintiff argues as follows:

A technique commonly used by defense counsel in Section 1983 trials is to argue in closing that *anybody*, regardless of the merits, can walk in the courtroom doors and file a lawsuit.  Plaintiff, defense counsel will likely argue, took advantage of the ease in filing a lawsuit and thereby received "this court room, this judge, technical equipment and you - the jury's time."  This one-sided, self-serving argument is misleading, highly prejudicial and supported by no admissible evidence presented at trial.  To be even marginally fair and balanced, Defendants would have to educate the jury about:

- the costs for filing and serving a lawsuit;
- the costs prosecuting a lawsuit that include, but are not limited to, the costs of conducting discovery and who must bear those costs;

- the requirements that lawsuits must be filed consistent with Fed. R. Civ. P. 11, withstand Rule 12 scrutiny by meeting the standards established in *Ashcroft v. Iqbal and Bell Atlantic Corp. v. Twombly*, and then withstand motions for summary judgment;
- and many other such aspects of litigating civil actions in Federal court. 129 S.Ct. 1937 (2009); 550 U.S. 544 (2009).

The "anybody-can-file-a-lawsuit" or Plaintiff is "litigious" argument degrades the American legal process and the principles of justice and equity for which they stand.  These arguments are aimed at appealing to the common stereotype.  Yet, the federal litigation process provides, at a minimum, three different avenues; Rule 11, motions to dismiss, and summary judgment motions, to ensure that frivolous or completely baseless claims do not make it to a jury.  At this point in the litigation, Defendants had ample opportunities to ensure that, if the claims in this lawsuit were truly frivolous, Plaintiff would not have had access to the resources of the Federal court system. Thus such an argument is deceptive, misleading and entirely prejudicial.

Lastly, if Plaintiff gets a "free pass" to the courthouse, the jury is entitled to know that the Defendant officers get a bonus to defend their unconstitutional conduct.  City of Ecorse police officers, unlike most defendants in civil cases, do not have to pay their attorneys. The City of Ecorse not only provides cost-free representation to the defendant officers

and, if found liable, the Defendant officers do not have to pay

compensatory damages, they also get paid extra for being in court.  For all

these reasons, Defendants should be barred arguing or implying that

Plaintiff gets easy access to this Court or characterizing Plaintiffs' claims as

frivolous.

**PLAINTIFFS' MOTION IN LIMINE #11 -
BAR TESTIMONY ABOUT FILING LAWSUITS FOR FINANCIAL GAIN**

In support thereof, Plaintiff argues as follows:

Defendants in Section 1983 cases frequently argue that "plaintiff filed

this lawsuit for the money," "they're only in it for the money," "manipulating

the system for financial gain" and the like.  Plaintiff submits that in the

absence of evidence of an inappropriate motive, Defendants should not be

permitted to speculate about the motives of a litigant who seeks redress in

court - as is his right under the Constitution.

Such an argument is little more than a demagogic appeal to a

common prejudice about so-called "*frivolous lawsuits*" much bruited about

in American media and social outlets.  Such an appeal to the stereotypes

and prejudices of jurors has no place in a civil justice system that provides

financial compensation as the principle forms of relief for injuries that

plaintiff has suffered.

Moreover, as with the subjects of several of Plaintiff's motions in limine, no evidence has been produced in discovery and no evidence will be presented at trial that will address any such motive on the part of the Plaintiff in this action.  Again, as above, the sole result and likely goal of such an argument is to prejudice the jury and seek to divert their attention from the facts of the case into the realm of stereotypes and speculation.

Arguing that bringing this lawsuit is motivated by prospective financial gain and not to obtain justice for the injuries that Plaintiff suffered is irrelevant to the case at hand. Such a general and biased claim provides no evidence or argument relevant to the claims, defenses or facts in the case. Given the utter lack of probative value and the highly prejudicial and irrelevant nature of such a statement, Plaintiff respectfully requests that the Defendants be precluded from arguing that Plaintiff has a pecuniary motive for suing the Defendant officers for the officers' misconduct.

The tangential and irrelevant nature of such an argument should be clear.  The argument opens the door to an almost limitless series of issues that have nothing to do with the facts, claims and defenses in this case – for instance, as noted above, that the Defendant officers themselves suffer no financial loss if they are found liable for their alleged misconduct.  More

broadly, if Plaintiffs' motivation is properly an issue for the jury to consider, Defendants' motivation to defend the case should also be fair game.

For all of the above reasons, Plaintiff prays that this Court preclude argument or the introduction of evidence alleging a pecuniary motive for the filing and prosecution of this lawsuit.

**PLAINTIFFS' MOTION IN LIMINE #12 -
BAR TESTIMONY REGARDING THE RISKS OF POLICE WORK**

In support thereof, Plaintiff argues as follows:

Plaintiff acknowledges that, at times, police officers, firefighters and similar professionals involved in public safety face danger in their professional lives.  However, Plaintiff respectfully submits that the argument that "police officers risk their lives every day" has no probative value in determining whether the specific conduct of the Defendant police officers in this instance violated the rights of this Plaintiff under the U.S. Constitution and Michigan law.

Accordingly, Plaintiff moves this Court to bar Defendants from appealing improperly to the sympathies of the jury by referring to the general risks that police officers face on the job.  The risks police officers face on the job is a compelling argument and has significant potential to prejudice a jury in favor of the police.  Such testimony and argument is that

the jury will likely give greater weight to testimony of the Defendant officers

and/or ensure that the jury looks upon them more sympathetically.

Evidence regarding the general risks that police officers face is

inadmissible under Fed. R. Evid. 401-402. Evidence about the risks of a

police officer's job also amounts to impermissible character evidence fitting

into none of the exceptions under Rule 404(b).

Defense counsel should be barred from making arguments relating to

these risks in closing argument as well.  Closing arguments should focus

solely only facts or reasonable inferences that can be drawn from the facts.

*See Walden v. Illinois Central Gulf R.R.*, 975 F.2d 361, 365 (7th Cir. 1992).

Speaking generally, the risks that police officers take on the job are not

related to the particular facts of the case at bar and therefore should not be

allowed.

Moreover, it is difficult to understand how evidence of the risks that

police officers generally face would be introduced at trial.  No studies or

other evidence documenting the risks that police officers generally face in

their jobs were produced in discovery or are listed among Defendants'

exhibits for any pretrial motions or trial.  Thus, the jury would only be

presented with the subjective experience of the Defendant officers.  If

Defendants testify about the general on-the-job risks faced by police officers, Plaintiff should be allowed to speak about the abuses committed by police officers that Plaintiff is aware of.  Plaintiff should be able to present evidence and to argue that the City of Ecorse Police (Public Safety) Department has engaged in well-publicized acts of police misconduct in the past.  Plaintiff should also be allowed to discuss the numerous meritorious cases that have been brought in this district (federal and state courts), exposing such acts of excessive force and severe beatings, illegal searches and seizures, illegal arrests, malicious prosecutions, wrongful death and/or jail suicides, theft, fraud, misrepresentation and extortion that said police officers have committed on innocent civilians, especially in minority neighborhoods within the City of Ecorse.

Clearly, this entire issue opens the trial to a series of mini-trials regarding general police work that have nothing to do with the facts, claims and defenses in this case.  Such mini-trials would distract substantially from the relevant factual issues to be decided by the jury and involve a significant waste of the Court's time and resources.

For all these reasons, Plaintiff requests that this Court bar evidence and argument referring to the risks police officers in general face in their

work and the emotionally charged argument that police officers risk their

lives every day.

**PLAINTIFFS' MOTION IN LIMINE #13 -**
**BAR OFFERING AN APOLOGY**

In support thereof, Plaintiff argues as follows:

A technique frequently used by Defendants and certain defense

counsel in Section 1983 cases, is to apologize for the injuries sustained by

the Plaintiff.  In this fashion, Defendants hope to have an apology, warmly

presented, to inure to their benefit.  The same can be said of other officers

who may testify at trial.  An apology is not calculated to lead to the

resolution of the issue of whether the Defendant Officers violated Plaintiffs'

rights and committed the other acts of misconduct alleged in the Amended

Complaint.  An apology without an admission of liability, is not relevant to

the claims and defenses to be decided at trial, but rather is geared solely

toward garnering sympathy from the jury so that the jury will reduce its

award.  Accordingly, any such apology should be precluded.

**PLAINTIFFS' MOTION IN LIMINE #14 -**
**BAR TESTIMONY REGARDING TAXPAYER LIABILITY OR HIGHER**
**TAXES**

In support thereof, Plaintiff argues as follows:

Plaintiff moves this Court for an Order in limine precluding from evidence any testimony, evidence, inference or argument indicating that taxpayers should not have to "pay" for the incident that occurred in August 2012 at the City of Ecorse jail.  References to taxpayer liability, higher taxes or taxpayers' payment present an obvious and substantial risk of bias and prejudice against the Plaintiff.

Such references could very likely motivate jurors to rule in favor for Defendants out of their personal financial interest in not seeing their taxes increase, rather than based on facts presented at trial.  Such references could also encourage jurors to decrease any award for Plaintiff, even if they find Defendants liable.

For these reasons, any reference to taxes or taxpayer liability should be precluded from evidence.

**PLAINTIFFS' MOTION IN LIMINE #15 -**
**PRESENTING EVIDENCE THAT WAS NOT DISCLOSED DURING**
**DISCOVERY**

In support thereof, Plaintiff argues as follows:

Defendants had a continuing duty to provide supplemental production. *See* Fed. R. Civ. P. 26(e).  The appropriate sanction for a violation of these discovery rules is baring the non-disclosing party from

using that information at trial. Fed. R. Civ. P. 37(c).  Therefore, this Court

should bar the use of any evidence that was not disclosed during discovery.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant

Plaintiff's Motion In Limine, and for any such other and further relief as this

Court deems appropriate.

Respectfully submitted,

The Cromer Law Group PLLC

**/s/ Ronnie E. Cromer, Jr.,**
Ronnie E. Cromer, Jr.,
Attorney and Counselor for
Plaintiff Emanuel Palmer

Dated:  November 28, 2016

## PROOF OF SERVICE

I hereby certify that on November 28, 2016, the foregoing paper was

electronically filed with the Clerk of the Court by using the ECF system,

which will provide a copy to all counsel of record.

Signature: **/s/ Ronnie E. Cromer, Jr.,**