UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMANUEL PALMER,

Plaintiff,                          Case No. 14-cv-12247

v.                             UNITED STATES DISTRICT COURT JUDGE
                                  GERSHWIN A. DRAIN

RYAN ALLEN AND CHRISTOVAL
TREVINO,                         UNITED STATES MAGISTRATE JUDGE
                                   DAVID R. GRAND
Defendants.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION IN LIMINE [129] AND GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION IN LIMINE [132]**

**I. INTRODUCTION**

On November 28, 2016, Ryan Allen and Christoval Trevino (collectively,

"Defendants") filed a Motion in Limine seeking to exclude eleven different pieces

of evidence from the trial. *See* Dkt. No. 129. Emmanuel Palmer ("Palmer" or

"Plaintiff") filed a Motion in Limine that same day, seeking to exclude sixteen

different pieces of evidence from the trial. *See* Dkt. No. 132.

The Court heard oral argument on the motion on January 18, 2017. For the

reasons stated below, the Defendants' motion [129] is **GRANTED** in part and

**DENIED** in part and Plaintiff's motion [132] is **GRANTED** in part and **DENIED**

in part.

-1-

## II. LEGAL STANDARD

A motion *in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The purpose of a motion *in limine* is to eliminate "evidence that is clearly inadmissible for any purpose" before trial. *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). A district court rules on evidentiary motions *in limine* "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). The guiding principle is to "ensure evenhanded and expeditious management of trials." *Ind. Ins.*, 326 F. Supp. 2d at 846.

Although neither the Federal Rules of Evidence, nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*, the Supreme Court has allowed district courts to rule on motions *in limine* "pursuant to the district court's inherent authority to manage the course of trials." *See Luce*, 469 U.S. at 41 n.4. District courts are granted very broad discretion in determining whether the probative value of evidence outweighs any danger of unfair prejudice. *United States v. Vance*, 871 F.2d 572, 576 (6th Cir. 1989).

A district court should grant a motion to exclude evidence *in limine* "only when [that] evidence is *clearly* inadmissible on *all* potential grounds." *Ind. Ins.*, 326 F. Supp. 2d at 846 (emphasis added). In cases where that high standard is not

met, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id*. Denial of a motion to exclude evidence *in limine* does not necessarily mean that the court will admit the evidence at trial. *See Luce*, 469 U.S. at 41. "[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id*. at 41–42.

### III. DISCUSSION

#### A. Defendants' Motion *in Limine*

Defendants seek to exclude eleven pieces of evidence from the trial:

(1)   Evidence regarding Defendants' temporary inability to locate Plaintiff's phone, speculating Defendants tampered with the phone or altered the video taken on the date of this incident;

(2)   Evidence regarding the delay by Defendants' in locating the City of Ecorse jail video;

(3)   Evidence regarding non-functioning car cameras, body cameras and/or body microphones;

(4)   Evidence regarding the Defendant officers' failure to attend Plaintiffs criminal proceedings;

(5)   Evidence referring to tissue found blocking a City of Ecorse Jail camera six months after this incident;

(6)     Evidence regarding alleged use of the term "nigger," with respect to anyone other than Defendant Trevino;

(7)     Evidence regarding Ecorse Police Department procedures relating to inmate supervision and prohibition of firearms in the detention area;

(8)     Testimony of Lawrence Riviera and Gregory Blade;

(9)     Testimony of several expert witnesses whose information was not provided pursuant to Federal Rule of Civil Procedure 26;

(10)    Evidence regarding Plaintiff's Health Link medical records;

(11)    Evidence regarding the academic performance, prior discipline, prior complaints and/or prior litigation of the Defendant officers.

*See* Dkt. No. 129. Plaintiff does not object to issues 3 (evidence regarding non-functioning car cameras, body cameras and/or body microphones), 6 (evidence regarding alleged use of the term "nigger," with respect to anyone other than Defendant Trevino), or 7 (evidence regarding Ecorse Police Department procedures relating to inmate supervision and prohibition of firearms in the detention area). Dkt. No. 142, pp. 7–8, 11–12 (Pg. ID 4107–08, 4111–12) Thus, the Court will address the remaining evidentiary issues in the order they were presented.

-4-

## 1.  Delay in Locating Plaintiff's Cell Phone

Defendants first seek to preclude any evidence or argument relating to Defendants' temporary inability to locate Plaintiff's cell phone, or any evidence or argument that Defendants tampered with the phone or altered the video taken on the date of this incident. Dkt. No. 129, pp. 22–23 (Pg. ID 3630–31). Defendants argue that the phone's whereabouts between when it was seized and when it was returned is irrelevant and inadmissible. *Id.*

The Court finds that the fact that the phone was missing at the time of Plaintiff's criminal proceedings is indeed relevant to the present case, as Plaintiff has alleged that the criminal charges against him were dismissed because Ecorse police officials failed to produce Plaintiff's cell phone. *See* Dkt. No. 53, p. 11 (Pg. ID 282). Accordingly, Plaintiff may introduce evidence or argument related to the cell phone in this context.

Nevertheless, Plaintiff has not produced any evidence that Defendants Trevino or Allen ever possessed control over the phone or were responsible for the City of Ecorse's temporary inability to produce the phone. Furthermore, Plaintiff has not produced any evidence outside of mere speculation that the phone was tampered with while in the City of Ecorse's custody, or that the video he recorded at the traffic stop was altered. Thus, under Federal Rule of Evidence 602, such

"speculation is not admissible evidence." *Totman v. Louisville Jefferson Cty. Metro Gov't*, 391 F. App'x 454, 464 (6th Cir. 2010).

This portion of the motion is granted in part and denied in part. Plaintiff may introduce evidence of the delay in locating his cell phone, but may not argue that Defendant officers had a role in this delay. Plaintiff also may not argue or allege that his phone and the video within it were tampered with or altered, as he lacks personal knowledge or evidence to support this allegation.

### 2. Destruction of the Jail Video

Defendants also seek to exclude evidence pertaining to their longstanding allegation that the video from the City of Ecorse Jail was lost or destroyed due to mechanical failure. Dkt. No. 129, pp. 23–24 (Pg. ID 3631–32). The video was finally recovered in late 2016. *See id*. Accordingly, there was no "catastrophic failure that caused the jail video to be destroyed." *Id*. at 23. There was, however, extended and unnecessary delay from the defense in producing the videos, which is admissible.

The Court is currently considering whether sanctions are appropriate against the City of Ecorse and Defendants' counsel for the protracted delay in producing the jail video and inaccurate statements made on the record about what the video contains. Nevertheless, Plaintiff has produced no evidence that Defendants Allen or Trevino had a role in the delay of the video being produced to the Court. As

noted above, Plaintiff's speculation is not admissible evidence under Federal Rule of Evidence 602. *See Totman*, 391 F. App'x at 464. Thus, the Court will grant the motion with respect to any argument that Defendant officers destroyed the jail video or played a role delaying discovery of the jail video.

### 3.  Defendant Officers Failure to Attend Criminal Proceedings

Defendants next request the evidence related to Defendant officers' failure to attend Plaintiff's criminal proceedings be excluded. Dkt. No. 129, p. 25 (Pg. ID 3633).

The Court declines to exclude evidence that Defendant officers failed to attend Plaintiff's criminal proceedings. Plaintiff was criminally charged in relation to the incidents that occurred on the night that he alleges he was subject to excessive force. Those proceedings and the reasons that the charges were dismissed are relevant to the present case. Furthermore, there is scant evidence that admitting this issue could create a risk of unfair prejudice. Defendant officers are free to explain the reason why they did not attend Plaintiff's criminal proceedings, such as a failure of the prosecutor to notify the officers of the date and time of the proceedings.

This request is denied, without prejudice to renewal in the context of the trial.

### 4.  Tissue on Jail Camera Six Months After Incident

Defendants also seek to exclude any evidence or argument relating to a piece of tissue found blocking a City of Ecorse Jail camera during an attorney's visit months after the incident. Dkt. No. 129, pp. 25–26 (Pg. ID 3633–34).

Plaintiff claims that the single instance where his counsel found a piece of tissue on the camera constitutes evidence that toilet tissue is routinely and consistently left on video cameras in the jail. Dkt. No. 142, p. 10 (Pg. ID. No. 4110). However, no evidence has been presented that Plaintiff's counsel is listed as a witness to testify at trial about the latter discovery of tissue on the camera. Furthermore, there is no evidence that Plaintiff has personal knowledge about the discovery of tissue on the camera several months later. Absent a witness with personal knowledge about this later incident, it is not admissible at trial.

Plaintiff may testify that he has personal knowledge of tissue on the camera on the night of the incident. What happened six months later is too remote to be relevant and admissible.

### 5.  Testimony from Lawrence Riviera and Gregory Blade

Defendants next argue that the Court should preclude Plaintiff from presenting evidence from Lawrence Riviera and Gregory Blade. Dkt. No. 129, p. 31 (Pg. ID 3639). Defendants assert that Riviera and Blade are properly excluded from testifying under Rule 37 of the Federal Rules of Civil Procedure for

Plaintiff's failure to comply with Rule 26's mandate that parties provide contact information for witnesses and a copy of all documents and tangible items that witnesses will use to support their claims. *Id*. at 28; FED. R. CIV. P. 26(a)(1)(A)(i)–(ii).

Plaintiff responds that he only seeks to call Riviera and Blade during rebuttal, if necessary. Dkt. No. 142, p. 12 (Pg. ID 4112). He does not respond to Defendants' allegation that he failed to comply with Rule 26.

"A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." FED. R. CIV. P. 26(a)(1)(C). Rule 26 requires rebuttal disclosures of expert testimony within 30 days of the other party's expert disclosure. FED. R. CIV. P. 26(a)(2)(D)(ii). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

Plaintiff has not rebutted Defendants' argument that he did not provide information required under Rule 26 or supplement his discovery responses. Because Plaintiff failed to provide any reason why his failure to comply with Rule 26 was substantially justified or harmless, Riviera and Blade may not testify at

trial. *See* FED. R. CIV. P. 37(c)(1). The Court grants Defendants' motion as to Riviera and Blade.

### 6. Testimony from Expert Witnesses Whose Information Was Not Provided Pursuant to Federal Rule of Civil Procedure 26

Defendants next seek to exclude Plaintiff's expert witnesses because Plaintiff failed to provide the required Rule 26 disclosures and supplemental discovery requests. Dkt. No. 129, pp. 32–33 (Pg. ID 3640–41). The experts Defendants name to exclude are Jeff Eisler, jail operations expert; Larry A. Dalman, computer forensics expert; and Ralph Godbee, Jr., police policy and procedures expert. *Id.*

Plaintiff only argues that Dalman should be allowed to testify. Dkt. No. 142, p. 14 (Pg. ID 4114). He has not objected to excluding Eisler and Godbee, so the Court will grant Defendants' motion as to those two expert witnesses. *See id.*

Although Defendants argue that they are "completely oblivious" as to what Dalman may say, there is ample evidence that Plaintiff has provided Defendants with supplemental information on the content of Dalman's testimony. *See* Dkt. No. 112-5; Dkt. No. 121-3. Given Defendants' extreme delay in producing the jail videos requested years earlier, Plaintiff's delay in disclosing Rule 26 materials as to Dalman is substantially justified. Moreover, given the disclosure of Dalman's report and Dalman's deposition occurred more than 90 days before trial, such delay

is harmless. However, Plaintiff's counsel shall produce all materials required under Rule 26(a)(2)(B) in relation to Dalman at least two weeks before trial.

### 7. Plaintiff's Health Link Medical Records

Defendants further seek to exclude Plaintiff's Health Link records because Plaintiff failed to timely disclose them after Defendants requested them in January 2016. Dkt. No. 129, p. 31 (Pg. ID 3639). Plaintiff used the records that Defendants requested at Defendant Trevino's deposition, without providing them to Defendants when they were received weeks earlier. Dkt. No. 142, p. 13 (Pg. ID 4113).

Rule 26(a)(1)(A)(ii) states that "a party must, without awaiting a discovery request, provide to the other parties" "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(ii).

Plaintiff has not offered any evidence or argument as to why the records were not provided to Defendants promptly after they were received. Accordingly, there is no support for an assertion that not providing to Defendants on April 13, 2016, when Plaintiff received the records from Health Link, was substantially justified. Dkt. No. 142, p. 13 (Pg. ID 4113). Similarly, Plaintiff has not argued that

the records were to be used *solely* for impeachment, which would justify his failure to timely share the records with Defendant. *See* FED. R. CIV. P. 26(a)(1)(A)(ii). However, given that the records were produced in advance of trial, Dkt. No. 142-3, Plaintiff signed a release enabling Defendants to obtain the records, and Defendants have possessed the documents since April 2016, the delayed production appears harmless.

This request is denied, without prejudice to renewal in the context of the trial.

### 8. Defendants' Performance, Discipline, Complaint Records, and Prior Litigation

Finally, Defendants seek to exclude evidence related to their academic performance, discipline and/or litigation history, arguing that such evidence is improper character evidence under Federal Rule of Evidence 404(b). Dkt. No. 129, pp. 33–34 (Pg. ID 3641–42).

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2).

-12-

Cross-examination is limited to "the subject matter of the direct examination and matters affecting the witness's credibility." FED. R. EVID. 611(b). "[E]xtrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." FED. R. EVID. 608(b). Only evidence that is probative of the witness's character for truthfulness or untruthfulness may be inquired into on cross-examination. *Id.*

A district court's Rule 404(b) inquiry consists of three parts. *United States v. Mack*, 258 F.3d 548, 553 (6th Cir. 2001). "First, the trial court must make a preliminary determination as to whether sufficient evidence exists that the prior act occurred." *Id.* "Second, the district court must make a determination as to whether the 'other act' is admissible for a proper purpose under Rule 404(b)." *Id.* "Third, the district court must determine whether the "other acts" evidence is more prejudicial than probative under Rule 403." *Id.*

As the proponent of the evidence, Plaintiff has the burden of establishing admissibility. Plaintiff's response brief does not address the sufficiency of the evidence regarding the prior allegations of excessive force by Trevino. In fact, Plaintiff's response brief does not address Rule 404 at all. Instead, Plaintiff argues that the past allegations of assault by Trevino are "highly probative of both his judgment—his capacity for truthfulness or untruthfulness, and his ability to

-13-

properly report information." Dkt. No. 142, p. 16 (Pg. ID 4116). These are not proper purposes under Rule 404(b).

Having reviewed Plaintiff's argument, the Court does not find that Plaintiff has provided sufficient evidence that Defendant Trevino destroyed video evidence in a prior alleged assault. Moreover, assuming that there is sufficient evidence that a prior assault occurred, Plaintiff has not provided any justification that it is admissible for a proper purpose under Rule 404(b). Using the prior alleged assault to prove a specific instance of Defendant Trevino's conduct in order to show his character for truthfulness is not permissible under Federal Rule of Evidence 608(b). Plaintiff has not demonstrated that a prior instance of assault and the suspicious nature of missing video in that case are probative of truthfulness.

Accordingly, Defendant's motion as to this issue will be granted. Plaintiff is not permitted to bring in evidence regarding specific instances of Defendants' alleged misconduct to prove their character in order to show that they acted in accordance with that character during the events at issue here. *See* FED. R. EVID. 404(b).

## B. Plaintiff's Motion *in Limine*

Plaintiff's Motion raises sixteen pieces of evidence:[1]

---

[1] The Court must again note that Plaintiff has failed to comply with the Local Rule regarding proper type size. E.D. Mich. LR 5.1(a)(3) ("Except for standard preprinted forms that are in general use, type size of all text *and footnotes* must be

(1)   Evidence of Plaintiff's prior convictions;

(2)   Testimony providing the legal conclusion that Plaintiff was actively resisting officers;

(3)   Testimony about the Defendants' subjective intents during the incidents;

(4)   Evidence related to commendations or awards received by Defendants;

(5)   Evidence that Plaintiff used illegal controlled substances or abused alcohol;

(6)   Evidence related to Plaintiff's fee agreement with his attorney;

(7)   The presence of non-party witnesses from the courtroom during the testimony of other witnesses;

(8)   Argument about whether Plaintiff has asked for excessive damages;

(9)   Uniforms or medals received by Defendant officers;

(10)   Evidence related to collateral payments for Plaintiff's medical expenses;

(11)   Argument that Plaintiff is litigious or that "anybody can file a lawsuit";

(12)   Argument that Plaintiff files lawsuits for financial gain;

(13)   Testimony related to the risks of police work;

---

no smaller than 10-1/2 characters per inch (non-proportional) or *14 point* (proportional)." (emphasis added)). Additionally, the Court encountered substantial challenges in receiving Judge's copies of pleadings from Plaintiff, as required by the case's Scheduling Order. Dkt. No. 28, p. 3 (Pg. ID 101) ("**JUDGE'S COPIES**. A paper copy of electronically filed motions, briefs, attachments, responses, replies, proposed Final Pretrial Order, and proposed Joint Jury Instructions (with disc) MUST be delivered directly to the Judge's chambers and labeled Judge's copy.").

(14)   Testimony offering an apology;

(15)   Testimony regarding taxpayer liability or higher taxes;

(16)   Evidence that was not disclosed during discovery.

Dkt. No. 132. Defendants do not object to issues 6 (asking the Court to preclude evidence of the terms of Plaintiff's counsel's fee agreement); 7 (asking the Court to exclude nonparty witnesses from the courtroom); 14 (testimony about apologies); 15 (testimony regarding taxpayer liability or higher taxes); and 16 (evidence that was not disclosed during discovery). Dkt. No. 141, p. 8 (Pg. ID 3779). Accordingly, the Court will address each of the remaining issues in the order they were presented.

### 1.  Evidence of Plaintiff's Prior Convictions

First, Plaintiff seeks to exclude evidence related to his prior convictions. Dkt. No. 132, pp. 2–5 (Pg. ID 3701–04). Plaintiff has listed the following convictions:

(1) A 1985 felony conviction for carrying a concealed weapon;

(2) A 1989 felony conviction for crack cocaine possession;

(3) A 2000 and 2001 felony conviction for cocaine possession;

(4) A 2014 misdemeanor conviction for malicious destruction of property;

(5) Multiple misdemeanor convictions for driving with a suspended license or no-operators permit;

(6) Several probation violations for failure to comply with the terms of his probation.

*Id*. at 2–3.

Defendants seek to admit Plaintiff's convictions to establish "a pattern of Plaintiff's repeated contact with law enforcement" and for impeachment purposes under Federal Rule of Evidence 609. Dkt. No. 141, p. 3 (Pg. ID 3774). Defendants also argue that the list Plaintiff provided is inaccurate, and that Plaintiff lied under oath about his prior convictions. Dkt. No. 141, p. 19 (Pg. ID 3790). According to Defendants, Plaintiff also has the following convictions on his record:

(1) A 1999 conviction for felony controlled substance delivery/ manufacturing;

(2) A 2004 conviction for felony controlled substance delivery/ manufacturing;

(3) A 2012 conviction for third degree retail fraud;

(4) A 2012 conviction for disorderly person;

(5) A 2014 charge for obstruction;

(6) A 2014 charge for felony police officer assault/resisting arrest.

*See id*.

Rule 609 provides a felony conviction that occurred within the last ten years is admissible to attack a witness's character for truthfulness so long as it survives

the Rule 403 balancing test. FED. R. EVID. 609(a)(1)(A). Additionally, misdemeanors and felonies that involved "a dishonest act or false statement" are also admissible. FED. R. EVID. 609(a)(2). Where the convictions sought to be admitted are more than ten years old, such convictions are only admissible if their probative value substantially outweighs their prejudicial effect and if the proponent gives an adverse party reasonable written notice of the intent to use the convictions. FED. R. EVID. 609(b)(1–2). A juvenile adjudication is only admissible if "(1) it is offered in a criminal case; (2) the adjudication was of a witness other than the defendant; (3) an adult's conviction for that offense would be admissible to attack the adult's credibility; and (4) admitting the evidence is necessary to fairly determine guilt or innocence." FED. R. EVID. 609(d)(1–4).

Plaintiff's 1985 felony conviction for carrying a concealed weapon took place when he was a minor, and thus is inadmissible in this civil proceeding. *See* FED. R. EVID. 609(d)(1). Additionally, Defendants have not provided any evidence to establish that Plaintiff's misdemeanor convictions for malicious destruction of property, driving with a suspended license, driving with no-operators permit, and his probation violations involved "a dishonest act or false statement." *See* FED. R. EVID. 609(a)(2); *see, e.g.*, *United States v. Evans*, 896 F.2d 547 (4th Cir. 1990) (finding that a destruction of property misdemeanor could not be used for impeachment because it did not involve dishonesty or false statement); *United*

*States v. Wilson*, No. 09-20138, 2009 WL 3818192, at *3 (E.D. Mich. Nov. 13, 2009) (finding that a misdemeanor conviction for driving with a suspended license was not admissible under Rule 609).

Plaintiff's 1989, 2000, 2001, and 2004 drug convictions were adjudicated more than ten years ago, and thus must satisfy the heightened standard for admissibility under Rule 609(b). Here, the Court finds that Defendants have not demonstrated that the probative value of Plaintiff's old drug convictions substantially outweighs their prejudicial effect. *See* FED. R. EVID. 609(b)(1). Indeed, whether Plaintiff possessed or manufactured cocaine over ten years ago does not seem to have any probative value in relation to his case alleging that Defendant officers used excessive force against him in 2012. Thus, the low probative value of this conviction is substantially outweighed by the prejudice of introducing this unrelated felony drug conviction.

As Plaintiff's 2012 retail fraud conviction appears to involve "a dishonest act or false statement" and is less than ten years old, this crime would be admitted under Rule 609(a)(2).

The following do not constitute criminal convictions, which are the subject of Plaintiff's first motion in limine: Plaintiff's allegation that he was pushed by an employee at Campus Martius in 2012; Plaintiff's destruction of a glass showcase at a McDonald's in 2013 after confrontation with an employee; Plaintiff's allegations

that a security officer at a casino "shook his arm" in 2013; Plaintiff's 2013 threat to shoot and kill Toys"R"Us employees who would not allow him to return an XBOX; Plaintiff's claim that an officer broke his arm in 2014 after Plaintiff refused to leave a Meijer; Plaintiff's 2016 charge for malicious destruction of property for intentionally defecating in a City of Ecorse jail cell sink; and Plaintiff's most recent case filed in Wayne County Circuit Court about a motor vehicle accident. *See* Dkt. No. 141, pp. 20–25 (Pg. ID 3791–96). Accordingly, as all these incidents exceed the scope of what Plaintiff sought to exclude in his first motion in limine regarding past convictions, the Court will not address them prior to evidence being introduced at trial.

The Court grants Plaintiff's motion as to his juvenile conviction, misdemeanors for malicious destruction of property and driving with a suspended license, and drug convictions over ten years old, pursuant to Rule 609. Defendants may impeach Plaintiff as to lying under oath about prior convictions or conduct under Rule 608(b), if appropriate and relevant based on the evidence presented at the time of trial.

### 2.  Testimony Stating Plaintiff Was Actively Resisting Officers

Next, Plaintiff requests the Court prohibit testimony that he was resisting Defendant officers. Dkt. No. 132, p. 5 (Pg. ID 3704). Plaintiff argues that any

testimony that states he was resisting constitutes an impermissible legal conclusion. *Id*. (citing *Torres v Oakland County*, 758 F.2d 147 (6th Cir. 1985)).

In *Torres*, the Sixth Circuit found that a witness should not have been asked whether the plaintiff "had been discriminated against because of her national origin," because the question mirrored the applicable statute's language, but noted that the error was harmless. *Id*. at 151.

Michigan law makes it a felony for individuals to "assault[], batter[], wound[], resist[], obstruct[], oppose[], or endanger[] a person who the individual knows or has reason to know is performing his or her duties." Mich. Comp. Laws § 750.81(d). The only verb that the statute defines is "obstruct," which it defines as "the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command." *Id*. at 750.81d(7)(a). There is no evidence in the statute that "resist" is a term of art, or that "resist" has "a separate, distinct and specialized meaning in the law different from that present in the vernacular." *Torres*, 758 F.2d at 151.

Plaintiff argues that "resisting" constitutes a term of art based on Michigan Criminal Jury Instructions, CJI2d 13.2. Dkt. No. 132, p. 6 (Pg. ID 3705). However, Instruction 13.2 "should be used when the defendant is charged with violating MCL 750.479," whereas instruction 13.1 should be used when an individual is charged with violating Mich. Comp. Laws § 750.81d. *See* Michigan Criminal Jury

Instructions, CJI2d 13.2 n.1. Neither Instruction defines "resisting" or provides that it has any meaning different from that present in the vernacular. Accordingly, although Defendant officers are prohibited from providing legal conclusions, testifying that Plaintiff "resisted" does not qualify as a legal conclusion under existing case law.

This issue is denied as to the term "resist," but granted as to the term "obstruct," which may qualify as a legal conclusion.

### 3.  Testimony About Defendants' Subjective Intents

Plaintiff also seeks to prohibit Defendant officers from testifying about their subjective intent during the incidents. Dkt. No. 132, p. 7 (Pg. ID 3706). Plaintiff goes on to argue that Defendants' subjective intent is irrelevant and inadmissible under Federal Rule of Evidence 401 because Section 1983 does not require specific intent to deprive a person of a federal right.

Plaintiff cites to *Donald v. Wilson*, 847 F.2d 1191 (6th Cir. 1988), for the principle that a lack of specific intent or purpose to deprive a plaintiff of his civil rights would not absolve defendants from liability if they did deprive him of those rights. *Id.* at 1199 (*overruled on other grounds as recognized by Doe v. Sullivan*, 956 F.2d 545, 551 n.1 (6th Cir. 1992)). However, the Sixth Circuit in *Donald* found that the omission of the plaintiff's jury instruction on specific intent was not

reversible error, because "the omitted jury instruction would not have aided the jury in the resolution of this issue," where the real issue was credibility. *Id*.

The Supreme Court stated in *Graham v. Connor*, 490 U.S. 386 (1989) that "[a]n officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional." *Id*. at 397. Nevertheless, Plaintiff is incorrect that "the intentions of the Defendant officers are irrelevant." Dkt. No. 132, p. 8 (Pg. ID 3707). As the Supreme Court stated in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), liability for excessive force is limited to "situations in which the use of force was the result of *an intentional and knowing act*," although reckless acts may also give rise to liability. *Id*. at 2474 (emphasis added). Thus, Defendants need not have intended to violate Plaintiff's rights; however, the act that resulted in force must have been intentional.

As the Sixth Circuit acknowledged in *Donald*, the concepts of an intentional act and specific intent "are completely different." 847 F.2d at 1199. The parties can work together to craft joint jury instructions advising jurors of the differences between the two concepts.

The Court denies Plaintiff's motion as to precluding any testimony from Defendant officers about their intents at the time of the incident, without prejudice to renewal in the context of the trial.

### 4. Evidence that Defendants Received Commendations or Awards

Plaintiff also moves to exclude evidence of commendations, awards, or honors conferred upon Defendant officers, arguing that such evidence is not relevant and constitutes improper bolstering under Rule 608. Dkt. No. 132, p. 8 (Pg. ID 3707). Defendants argue that such evidence is admissible as relevant testimony under Federal Rule of Evidence 401 because it lays the foundation for Defendants' testimony. Dkt. No. 141, p. 4 (Pg. ID 3775). Defendants have not elaborated on how their awards or commendations are relevant to their experience as officers, or how it lays the foundation for their testimonies.

Given what little evidence has been provided by either party on this issue, the Court does not yet see whether Defendants' awards and commendations have any permissible use. *See United States v. Brown*, 503 F. Supp. 2d 239, 242 (D.D.C. 2007) ("Character evidence encompasses evidence of a defendant's prior commendations and awards . . . Such information is not 'background evidence' because the only purpose for offering such information would be to portray a defendant in a positive light by demonstrating recognition of certain character traits or actions that demonstrate such character traits."). However, in the event that Plaintiff is permitted to introduce evidence from Defendants' disciplinary files, Defendants may renew their objection to this motion *in limine* and the court will consider, in the context of the disciplinary record evidence, whether the proposed

evidence serves to rebut the admitted disciplinary record evidence. *See Charles v. Cotter*, 867 F. Supp. 648, 659 (N.D. Ill. 1994).

### 5. Evidence that Plaintiff Used Illegal Controlled Substances or Abused Alcohol

Next, Plaintiff seeks to exclude any evidence that Plaintiff used illegal controlled substances or abused alcohol on the night of the incident. Dkt. No. 132, p. 9 (Pg. ID 3708). Defendants only object to exclusion of Plaintiff's possession and use of alcohol. Dkt. No. 141, pp. 33–34 (Pg. ID 3804–05).

The Court agrees that Plaintiff's alleged possession of an open container of alcohol is a relevant question of fact in the instant proceeding because it forms the basis for Defendant Allen's claim that Plaintiff was violating the law. Evidence and argument on this issue are admissible under Federal Rule of Evidence 402, and not unduly prejudicial under Rule 403.

Additionally, it appears that Plaintiff's alcohol use on the night in question is also relevant. Plaintiff alleges that he suffered from gout so severe that night that he was unable to walk to a new cell at the jail without stopping to rest. Whether his alleged symptoms were consistent with his conduct immediately before interaction with law enforcement, and whether use of alcohol exacerbated his pain while in police custody are relevant under Rule 402, and not unduly prejudicial under Rule 403.

Plaintiff's motion on the issue of alcohol use is denied, without prejudice to renewal in the context of trial.

### 6. Argument About Whether Plaintiff Seeks Excessive Damages

Plaintiff also seeks to restrict Defendants' closing argument to prohibit any mention of whether Plaintiff seeks excessive damages. Dkt. No. 132, pp. 10–11 (Pg. ID 3709–10).

The Court agrees with Defendants that it is unable to make a ruling regarding the scope of closing argument on this issue until evidence has been presented at trial. Dkt. No. 141, pp. 34–35 (Pg. ID 3805–06). Accordingly, Plaintiff's motion on the issue excluding mention of excessive damages during closing argument is denied, without prejudice to renewal in the context of trial.

### 7. Uniforms or Medals Received by Defendant Officers

Next, Plaintiff seeks to prohibit Defendant officers from wearing their uniforms and medals during trial. Dkt. No. 132, pp. 11–12 (Pg. ID 3710–11). Plaintiff does not cite any case law in support of his argument, relying on Federal Rule of Evidence 404(a) for the proposition that such clothing constitutes impermissible character evidence. *Id*.

The Court does not find that a witness's clothing worn while testifying constitutes evidence of their character under Rule 404. Additionally, Defendants

have not responded that they intend to wear any medals—only uniforms, which they were also wearing in the video evidence. *See* Dkt. No. 141, pp. 35–36 (Pg. ID 3806–07). Consequently, Plaintiff's motion on this issue is denied, without prejudice to renewal in the context of trial.

### 8. Evidence Related to Collateral Payments for Plaintiff's Medical Expenses

Plaintiff also seeks to exclude any evidence or reference to collateral source payments of Plaintiff's bills for their medical treatment. Dkt. No. 132, pp. 12–13 (Pg. ID 3711–12). Defendants respond that Plaintiff has not produced any evidence or medical bills or expenses and stated in his response to Defendants' Interrogatories that he had not made any claims for benefits under medical pay coverage or policy of insurance relating to injuries arising out of this incident. Dkt. No. 141-9, p. 11 (Pg. ID 4068) (including that Plaintiff briefly had Medicaid insurance for his injuries or damages).

If Plaintiff has not complied with Federal Rule of Civil Procedure 26(e), evidence of his bills for medical treatment will not be admitted at trial without a substantial justification for their delay or harmless in allowing them to be admitted. Until more evidence is presented on this issue from both sides that elucidates the potential discovery violations, the Court is unable to rule on this issue.

### 9. Argument that Plaintiff is Litigious or that "Anybody Can File a Lawsuit"

Next, Plaintiff seeks a ruling to exclude any argument that Plaintiff is litigious, or that any person can file a lawsuit. Dkt. No. 132, pp. 13–15 (Pg. ID 3712–14). Defendants object that such argument is permissible under Federal Rules of Evidence 401 and 403, and precedent out of the Southern District of Ohio. Dkt. No. 141, p. 38 (Pg. ID 3809).

The Court will start with the second issue. It is factually accurate that "anybody can file a lawsuit." This Court, like other federal district courts, does not bar the doors of access to litigants based on monetary resources where a real party in interest has filed a suit that adheres to the Federal Rules of Civil Procedure and existing precedent. The Court does not find this ease of access to the courts "degrades the American legal process and the principles of justice and equity for which they stand." Dkt. No. 132, p. 14 (Pg. ID 3713). Instead, this broad access to the judicial system seems to support those same values that Plaintiff worries Defendants will argue it degrades.

As to Plaintiff's first issue, Black's Law Dictionary defines "litigious" as one who is "[p]rone to legal disputes" or "eager to take disagreements into a court of law." LITIGIOUS, Black's Law Dictionary (10th ed. 2014). Such a definition is not entirely inaccurate as applied to Plaintiff, given his frequent presence in the United States District Court for the Eastern District of Michigan. *See Palmer v.*

*City of Lincoln Park, et al.*, 16-cv-11841 (J. Friedman) (alleging excessive force by City of Lincoln Park police officers); *Palmer v. Allen, et al.*, 14-cv-12247 (J. Drain) (present case, alleging excessive force by City of Ecorse police officers); *Palmer v. Wayne County Sheriff's Department, et al*., 13-cv-15164 (J. Goldsmith) (alleging excessive force by Wayne County police officers); *Palmer v. Nick Ludwick, et al.*, 09-cv-14642 (J. Lawson) (alleging denial of medical care and deliberate indifference as a state prisoner); *Palmer v. Tourville, et al.*, 09-cv-10295 (J. Roberts) (alleging excessive force by City of Detroit police officers).

However, there is also no evidence that Plaintiff's prior lawsuits have been entirely frivolous or without merit. One of Plaintiff's cases resulted in settlement, *Tourville,* 09-cv-10295; one was dismissed based on procedural issues involving municipal bankruptcy proceedings, *Wayne County*, 13-cv-15164; another received a jury verdict in favor of Defendants at trial, *Ludwick*, 09-cv-14642; and two more remain pending, *Lincoln Park*, 16-cv-11841, and *Allen*, 14-cv-12247.

Neither party cited to Sixth Circuit appellate case on this issue. The Court's research turned up a recent proceeding out of the Seventh Circuit. *See Nelson v. City of Chicago*, 810 F.3d 1061 (7th Cir. 2016). In *Nelson*, the Seventh Circuit found that, "[a]s a general matter, a plaintiff's litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant." *Id*. at 1071 (quoting *Mathis v. Phillips Chevrolet, Inc.*,

269 F.3d 771, 776 (7th Cir. 2001) (quotation marks omitted)). Only in rare exceptions is such evidence admitted for reasons other than to show litigious character, where it may be sufficiently probative to survive Rule 403 balancing. *Id.* (providing an example where prior litigation was admitted to explain why an employer kept a detailed record of the plaintiff's actions and provided insight into a plaintiff's mental state and alleged damages because earlier suits were not mentioned to the expert psychologist).

Defendant would need to present facts from Plaintiff's prior lawsuits to the jury so that they could meaningfully evaluate evidence of damages from Plaintiff's past suits compared to Plaintiff's claimed damages in the instant case. *See id.* at 1072. Unless facts from the prior cases were admitted, the only purpose for admitting evidence of a plaintiff's litigiousness would be to brand him or her as someone with a thin skin or, worse, as a person with a vendetta against police departments who was gaming the system to make an easy buck. *Id.*

To properly admit prior cases, Defendants must establish that such evidence is being admitted for reasons other than character evidence, and that the evidence is sufficiently probative to survive Rule 403 balancing. The Court may permit admission of prior cases where they establish "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," and the probative value of their admission is not substantially outweighed by the

danger of unfair prejudice. *See* FED. R. EVID. 403, 404(b). For example, prior cases may be relevant to Plaintiff's injuries in terms of which law enforcement department caused what damages. This would be legitimate cross-examination about injury and damages.

The Court will wait until evidence is presented before issuing a ruling on this issue.

### 10. Argument that Plaintiff Files Lawsuits for Financial Gain

Plaintiff also seeks a ruling preventing Defendants from arguing that he filed this lawsuit for financial gain. Dkt. No. 132, pp. 15–17 (Pg. ID 3714–16). Plaintiff does not cite any existing case law, nor does he cite the Federal Rules of Evidence in support of his argument on this issue.

The remedies sought by Plaintiff include compensatory damages and punitive damages. Dkt. No. 53, p. 28 (Pg. ID 299). Since monetary awards are being sought, Defendants cannot be prohibited from mentioning that Plaintiff seeks monetary awards as a means of obtaining justice for the injuries he allegedly suffered.

The Court denies Plaintiff's motion on this issue, without prejudice to renewal in the context of the trial.

### 11. Arguments Related to the Risks of Police Work

Plaintiff moves in limine to bar Defendants from arguing that "police officers risk their lives every day" or other similar comments about the general risks involved with police work. Dkt. No. 132, pp. 17–20 (Pg. ID 3716–19). Plaintiff seeks to exclude testimony from witnesses on this issue, as well as any arguments on the issue during closing. *See id.* at 17–18.

The Court agrees with Plaintiff that risks faced by police officers generally do not have any tendency to make any consequential facts in this particular action more or less likely. *See Dyson v. Szarzynski*, No. 13 CV 3248, 2014 WL 7205591, at *2 (N.D. Ill. Dec. 18, 2014); *Ferreira v. City of Binghamton*, No. 3:13-CV-107, 2016 WL 4991600, at *12 (N.D.N.Y. Sept. 16, 2016) ("[T]estimony elicited solely to [elicit] the sympathy of jurors about the difficult task officers face could encourage jurors to make a decision based on something other than the facts of the case."). Nevertheless, the prior professional experiences of Defendants may be relevant in assessing the reasonableness of their conduct. *See Logwood v. City of Chicago*, No. 11 C 4932, 2013 WL 1385559, at *2 (N.D. Ill. Apr. 4, 2013); *Ferreira*, 2016 WL 4991600, at *12 (N.D.N.Y. Sept. 16, 2016) (finding that issues in an excessive force case "may necessarily discuss the dangers that an officer in his position might face."). Accordingly, Defendant officers may not make generalized arguments about the risk of police work, and must limit their

arguments to the course of conduct they took in this case and the reasonableness of such conduct.

Additionally, the Court will grant both parties certain leeway in making their closing arguments. Argument as to the risks of police work personally experienced by Defendant officers is not so far beyond the scope of relevance or so prejudicial that it requires exclusion under Rules 401 or 403. *See Martinez v. City of Chicago*, No. 14-CV-369, 2016 WL 3538823, at *25 (N.D. Ill. June 29, 2016). However, the Court will entertain objections at trial should Defendants' arguments become gratuitous or otherwise violate the Federal Rules of Evidence.

## IV. CONCLUSION

These are the preliminary rulings of the Court. The Court emphasizes that "[a] ruling on a motion *in limine* is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court . . . the district court may change its ruling at trial for whatever reason it deems appropriate," and "where sufficient facts have developed to warrant the change." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce,* 713 F.2d 1236, 1239 (6th Cir. 1983) *aff'd,* 469 U.S. 38 (1984)).

Accordingly, the Court will **GRANT** in part and **DENY** in part Defendants' Motion *in Limine* [129]. The Court will also **GRANT** in part and **DENY** in part Plaintiff's Motion *in Limine* [132].

IT IS SO ORDERED.

Dated:  January 19, 2017

s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge
