UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMANUEL PALMER,

Plaintiff,

v.

RYAN ALLEN, et al.,

Defendants.
_____/

Case No. 14-cv-12247

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**ORDER DENYING PLAINTIFF'S MOTION TO ALLOW ADMISSION OF DEMONSTRATIVE EVIDENCE [154]**

On January 31, 2017, Plaintiff filed a Motion to Allow Demonstrative Evidence, seeking to admit a version of the jail video with enhanced resolution and two overlay "counters," tallying what Plaintiff's counsel perceives to be instances of tasing and physical contact with Plaintiff. Dkt. No. 154. The Court held a hearing on this motion, and the parties' failure to submit a timely joint draft of the final pretrial order, on January 31, 2017. During the hearing, the Court noted that Plaintiff's motion did not contain on-point case law supporting his motion. The Court further stated—on the record in front of both Plaintiff's and Defendants' counsel—that Plaintiff's motion was denied without prejudice.

-1-

On February 2, 2017, Plaintiff filed a supplemental brief, without leave of the Court,[1] alleging that the Court had not denied his motion because a docket entry stated the motion was taken under advisement, pending issuance of the order. Dkt. No. 156. In this brief, Plaintiff argues that he has found an on-point case that supports his motion: *Westfahl v. District of Columbia*, 75 F. Supp. 3d 365, 371 n.1 (D.D.C. 2014). *Id*. at 2 (Pg. ID 4420).

*Westfahl* is easily distinguishable for the following reasons. First, the district court in *Westfahl* considered the video as a demonstrative exhibit as part of a summary judgment motion, not as an exhibit being shown as part of a jury trial. 75 F. Supp. 3d at 380. Jury trials are different from summary judgment motions. Unlike jury trials, summary judgment motions require courts to interpret facts and

---

[1] The Local Rules provide that, "[u]nless the court permits otherwise, each motion and response to a motion must be accompanied by *a single brief*." E.D. Mich. LR 7.1(d)(1)(A) (emphasis added). The Court did not permit Plaintiff to file a supplemental brief, nor did Plaintiff seek permission prior to doing so. This is not the first time that Plaintiff has filed a "supplemental brief" without seeking or receiving permission from the Court. *See* Dkt. No. 140.

The brief further violates the Local Rules by utilizing a type size not permitted in the footnotes. *See* E.D. Mich. LR 5.1(a)(3) ("Except for standard preprinted forms that are in general use, type size of all text and footnotes must be no smaller than 10-1/2 characters per inch (non-proportional) or 14 point (proportional)."). *See also* Dkt. No. 147, p. 14 n.1 (Pg. ID 4197) ("The Court must again note that Plaintiff has failed to comply with the Local Rule regarding proper type size.").

-3-

evidence in the light most favorable to the party opposing the summary judgment motion. *Id*. at 372. Secondly, the altered video in *Westfahl* involved a slowed frame-rate and "descriptions of events and names of individuals depicted." *Id*. at 371 n.1. It does not appear to have included overlay "counters" based on a non-expert's interpretation on the events. Finally, *Westfahl* was decided in a district court in the District of Columbia, and has no binding authority on this Court.

Accordingly, consistent with this Court's statements on the record at the January 31, 2017 hearing, Plaintiff may use a version of the video with enhanced resolution, but may not utilize editorialized commentary within the video, including counters and arrows. Thus, the Court now **DENIES** Plaintiff's motion [154] with prejudice, with respect to video utilizing a counter and arrows to illustrate alleged tasing and physical contact between Defendant Trevino and Plaintiff.

IT IS SO ORDERED.

Dated:	February 3, 2017

/s/Gershwin A Drain  
HON. GERSHWIN A. DRAIN  
United States District Court Judge