UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMANUEL PALMER,

    Plaintiff,

v.

RYAN ALLEN, et al.,

    Defendants.
_____/

Case No. 14-cv-12247

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND, ALTER, OR RECONSIDER THE COURT'S ORDER [121] AND DENYING DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFF AND PLAINTIFF'S COUNSEL SHOULD NOT BE HELD IN CONTEMPT AND FOR SANCTIONS [148]**

On June 6, 2014, Plaintiff filed this lawsuit against Defendants. Dkt. No. 1. On February 14, 2017, a jury rendered a verdict for Defendants on all remaining counts. Dkt. No. 162. Plaintiff appealed. Dkt. No. 165. On May 25, 2017, the Court of Appeals for the Sixth Circuit dismissed Plaintiff's appeal. Dkt. No. 167.

The parties have asked the Court to hold an additional, post-trial hearing on their motions for sanctions against each other, which the Court was unable to resolve prior to trial. *See* Dkt. Nos. 121, 148. Upon review of the pleadings, the Court finds that oral argument will not aid in the disposition of this matter. Accordingly, the Court will decide these matters on the pleadings. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated herein, both motions are denied.

### A. Plaintiff's Motion to Amend, Alter, or Reconsider the Court's September 28, 2016 Order

Plaintiff brought this motion for sanction under Federal Rules of Civil Procedure 59(e) and 60(b), arguing that the Court should reconsider its prior order denying Plaintiff sanctions. *See* Dkt. Nos. 112, 116, 121. Plaintiff's attorney filed a supplemental brief on this motion on December 7, 2016, without seeking leave of court. Dkt. No. 140. The Court will not consider Plaintiff's supplemental brief because Plaintiff did not seek or receive permission to file a supplemental brief, and because this filing was untimely. *See Jones v. Northcoast Behavioral Healthcare Sys.*, 84 F. App'x 597, 599 (6th Cir. 2003) (finding a district court did not abuse its discretion in striking a supplemental pleading where it was untimely and filed without leave of court).

Plaintiff's motion raises new arguments and cases that he did not present to the Court in his prior motion for sanctions. *See id.* Although Plaintiff argues his motion for reconsideration arises under Federal Rule of Civil Procedure 59(e), "[a] plaintiff cannot use a Rule 59 motion . . . 'to raise arguments which could, and should, have been made before judgment issued.' " *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Plaintiff's argument under Rule 59(e) relies entirely on cases that could have been

presented in his earlier motion for sanctions. Accordingly, the Court will not grant Plaintiff relief under Rule 59(e).

Similarly, Plaintiff has failed to demonstrate the fraud, misrepresentation, or misconduct by Defendant that he argued qualifies the motion under Federal Rule of Civil Procedure 60(b). Dkt. No. 121, p. 24 (Pg. ID 3411). Plaintiff argues that the Court relied on Defendants' counsel's representations at the hearing that video footage from the jail exists and disproves Plaintiff's allegations. Dkt. No. 121, p. 25 (Pg. ID 3412). There is no question that the Court did not rely on Defendants' counsel's statement that the video disproved Plaintiff's allegations, as the order explicitly states, "the video may serve to prove or disprove" Plaintiff's allegations. Dkt. No. 116, p. 6 (Pg. ID 3378). Although Plaintiff's expert failed to find the portions of the video depicting Plaintiff at the time Plaintiff's motion was filed, he later was able to find that portion of the video, which both parties utilized at trial. Plaintiff has not demonstrated fraud by the City of Ecorse or any other reason for reconsidering the Court's prior order on this issue.

Further, after considering the exhibits attached to Plaintiff's motion and the testimony of witnesses at trial, the Court concludes that there is no evidence to substantiate Plaintiff's claim that video footage was missing from the hard drive or that the City of Ecorse otherwise intentionally destroyed evidence. Plaintiff's motion [121] is **DENIED**.

**B. Defendants' Motion For Order To Show Cause Why Plaintiff And Plaintiff's Counsel Should Not Be Held In Contempt And For Sanctions**

Defendants seek sanctions against Plaintiff and his counsel for violating a protective order by posting portions of the jail video, which depicted Plaintiff being tased by Defendant Trevino, on the internet and for Plaintiff's counsel's repeated failure to comply with the Court's Local Rules and Court-ordered deadlines. Dkt. No. 148. Several of the remedies requested by Defendants—namely, dismissal under Federal Rules of Civil Procedure 37(b)(2)(B) and 41(b)—are no longer applicable. Thus, the Court will examine whether monetary sanctions are appropriate.

The day after Defendants notified the Court that Plaintiff and his counsel violated the protective order, the Court held a conference. Plaintiff's counsel verified that the videos had been removed from public view. Defendants have not provided the Court with evidence demonstrating that Plaintiff's and counsel's violations of the protective order were intentional or in bad faith, rather than an inadvertent failure to remember the precise terms of the protective order. Additionally, Plaintiff and counsel quickly removed the videos upon being reminded of the protect order, evincing that this violation was not based on an intent to thwart judicial proceedings or in reckless disregard for the effect of their conduct. Finally, Defendants have not provided any evidence that Plaintiff and

counsel's dissemination of the jail video prejudiced their case—no one in the jury pool was previously aware of the video and the jury ultimately rendered a verdict in their favor. In sum, considering the totality of the circumstances, the Court does not believe Rule 37 sanctions are appropriate.

Defendants also request costs, expenses, and attorney fees under 28 U.S.C. § 1927. Section "1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006). Defendants correctly note that that Plaintiff's counsel has failed to comply with Local Rules, Court orders, and case deadlines on multiple occasions. However, Defendants have not shown that Plaintiff's counsel's actions exceeded mere negligence or incompetence. Additionally, the Court notes that four years elapsed between when Plaintiff first requested the jail videos and when Defendants finally produced them. Given that Defendants' failure to expeditiously produce the videos caused some of the multiplication of proceedings, the Court will not exercise its discretion to impose sanctions against Plaintiff's counsel. Thus, the Court **DENIES** Defendants' motion [148].

The Court also reminds both side's counsel that the Eastern District of Michigan's Civility Principles dictate that counsel shall not attribute bad motives or improper conduct to other counsel, absent good cause. In the present case,

numerous allegations of misconduct have been casually advanced. The Court encourages both counsel to review the Civility Principles, so that future disputes may be resolved more rationally, peacefully, and efficiently.

**IT IS SO ORDERED.**


Dated:      June 9, 2017                    s/Gershwin A. Drain
                                            HON. GERSHWIN A. DRAIN
                                            United States District Court Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 9, 2017, by electronic and/or ordinary mail.
/s/ Shawna C. Burns
Case Manager Generalist